**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|                                         |     |                   |
|-----------------------------------------|-----|-------------------|
| IN RE:                                  | )   |                   |
|                                         | )   |                   |
| CURTIS PARKER,                          | )   | CAFN              |
|                                         | )   | 25-61216-bem      |
| Debtor.                                 | )   |                   |
| ------------------------------------    | )   | CHAPTER 7         |
|                                         | )   |                   |
| CURTIS PARKER,                          | )   |                   |
|                                         | )   |                   |
| Movant,                                 | )   |                   |
|                                         | )   | CONTESTED MATTER  |
| v.                                      | )   |                   |
|                                         | )   |                   |
| INVITATION HOMES, LLC,                  |     |                   |
|                                         |     |                   |
| Respondent.                             |     |                   |

**2017-1 IH Borrower LP's Response in Opposition to Movant's Several Motions for**
**Sanctions for Willful Violation of Automatic Stay**

COMES NOW 2017-1 IH Borrower LP, ("IH") by and through undersigned counsel, and

hereby files its Response in Opposition to the several motions by Curis Parker ("Movant") for

Sanctions for Violation of Automatic Stay [Doc. 11, Doc. 15, Doc. 17] (collectively, "Motion"),

respectfully stating as follows:

**INTRODUCTION**

Recently, Movant terminated his representation by counsel and filed the Motion pro se

[Doc. 12]. As Movant is proceeding *pro se*, his "pleadings are held to a less stringent standard than

pleadings drafted by attorneys and will, therefore, be liberally construed," Boxer X v. Harris, 437

F.3d 1107, 1110 (11th Cir. 2006) (*cit. omitted*); however, "a court's duty to liberally construe a

plaintiff's complaint ... is not the equivalent of a duty to re-write it for [the plaintiff]." Peterson v.

Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993). Moreover, *pro se* parties are still required

to comply with minimum pleading and evidentiary requirements set forth in the Federal and

Bankruptcy Rules of Civil Procedure, Federal Rules of Evidence, and Local Rules, among other procedural burdens. *See, e.g.*, Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (stating "[a]lthough we construe them liberally, pro se complaints also must comply with the procedural rules that govern pleadings"); Brown v. Crawford, 906 F.2d 667,670 (11th Cir. 1990) (a pro se party does not escape its evidentiary burdens in opposing summary judgment).

As set forth more fully below, Movant fails to meet its burdens to sustain its Motion, requiring this Court to deny said Motion.

## STATEMENT OF FACTS & PROCEDURAL POSTURE

On October 23, 2025, IH filed its Motion for Relief from Stay pursuant to this Court's Fifth Amended and Restated General Order No. 24-2018; Movant was required to file a response or objection to said motion for relief within twenty-one days of said motion for relief. No response was timely filed, or filed to-date, in opposition to the motion for relief. A proposed order was submitted granting said Motion for Relief, as unopposed pursuant to this Court's Fifth Amended and Restated General Order No. 24-2018, which to-date has not been entered. IH included in its motion for relief the applicable lease for residential premises between IH and Movant.

On November 11, 2025, Movant filed its Motion for Sanctions based on purported violations of the automatic stay against Respondent in filing a state court eviction action – a purportedly distinct legal entity from IH. Doc. 11. The Motion generally avers that Movant leases a home from Respondent. Id. Particularly, Movant avers that Movant provided unspecified notice to Respondent of the bankruptcy filing on September 30, 2025.

Conspicuously within said Motion, Movant seeks to impose sanctions on "Invitation Homes, LLC", a purported creditor unnamed in the bankruptcy petition. Id.; *see also* Petition, Doc.

1. "Invitation Homes, LLC" is a non-existent legal entity, as evidenced by the records of the Secretary of State of Georgia, as attached hereto as **Exhibit A**. "[I]t is well-settled that courts may take judicial notice of public records maintenance [sic] by a secretary of state"); *Banks v. McIntosh Cnty., Ga.*, 530 F. Supp. 3d 1335, 1347 (S.D. Ga. 2021).

Subsequently, on November 25, 2025, Movant sought 'additional' sanctions against the non-existent Respondent, particularly based on purported written communications to Movant on November 24, 2025, of Movant being in violation of the applicable residential lease agreement. Doc. 15. Particularly, Movant included an in-line purported summary of the contested communication, which ostensibly asked Movant to provide information establishing the scope of use of an unspecified residence for purposes other than residential occupancy. Id.

Subsequently, Movant yet again sought further sanctions against the non-existent Respondent on December 1, 2025. Doc. 17. Said Motion appears to fully incorporate the basis for the additional sanctions sought via filing on November 25, 2025 (see Doc. 17, Ex. A). Said Motion further advises of a non-monetary violation of the residential lease that 'will be forwarded' to Movant. See Doc. 17, Ex. C. Said Motion identifies further a non-monetary violation of the residential lease, namely purported usage of residential premises for "hotel-type occupancy." See Doc. 17, Ex. D. The balance of said Motion appears to contain generative artificial intelligence responses which Movant appears to rely on in bringing the December 1, 2025, Motion.

Within the applicable lease, Movant expressly agreed that "any notice to Landlord or Landlord's agent… shall be in writing and delivered personally by hand, or by first class U.S. mail or express or overnight delivery to Landlord" at a specified address. Doc. 9-1, p. 7, Sec. 9. Notwithstanding, Movant failed to name the non-existent "Respondent" or IH in its bankruptcy

petition or subsequently aver having provided notice in conformity with the provisions of the applicable lease. *See generally*, Motion.

## **LEGAL ARGUMENT**

For a claim of a violation of the automatic stay to ever arise, it is quintessential for a creditor to receive notice of the bankruptcy filing. *In re Smith*, 180 B.R. 311, 319 (N.D. Ga. 1995). "[W]ithout knowledge of a pending bankruptcy case, [there is no] willful violation which will subject a creditor to sanctions under § 362(h)." Id.

Here, the face of the record establishes that Respondent is non-existent; resultingly, no violation of the automatic stay could ever arise as averred by Movant. However, to the extent that this Court may interpret the Motion as-against IH, the applicable lease at issue only deems notice having been provided to IH upon written notice being delivered in accordance with its terms. Doc. 9-1, p. 7, Sec. 9. Movant fails to plead or provide any writing in support of its November 11, 2025, Motion for sanctions to constitute notice in conformity with the lease, as sought based upon the asserted filing of a state court eviction proceeding. *See generally* Doc. 11. Conspicuously, the record in this action also evidences that neither the non-existent "Respondent" nor IH were named in the petition or provided written notice as potentially interested creditors.

For this reason alone, Movant cannot sustain their November 11, 2025, Motion for sanctions, as the record undisputedly establishes that Movant failed to provide actual notice, as defined within the applicable lease, to the parties thereto.

Additionally, to the remote extent that actual notice remains a question for the Court despite the face of the pleadings, Movant fails to meet the threshold basis for recovery on a claim for emotional distress. As noted by the Eleventh Circuit, "not every willful violation merits compensation for emotional distress" and that its propagated test is intended to "limit[] frivolous

claims." *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1271 (11th Cir. 2014) (cit. omitted). The Eleventh Circuit requires a party to establish (1) having suffered "significant harm", as opposed to "fleeting or trivial anxiety or distress"; (2) significant harm being "clearly established" and (3) a "causal connection between the significant harm and the violation of the automatic stay" as opposed to general anxiety and pressures inherent in a bankruptcy proceeding. Id.

As in *Lodge*, Movant sets forth 'generalized evidence' that he was anxious and distressed in receiving an admitted third-party communication – conspicuously in not being any communication from the non-existent "Respondent" or IH – about the asserted state court eviction proceeding. As averred, Movant identifies a third party – not the non-existent "Respondent" or IH – as having violated the automatic stay; however, Movant fails to identify with an ounce of specificity what may have violated the automatic stay (no inclusion of the correspondence precipitation the November 11th motion or even a casual reference to the purported state court eviction proceeding). Movant fails to point to any asserted egregious conduct which would give rise to the significant harm discussed in *Lodge*, particularly where Movant concedes said period only occurred for "days", and Movant further fails to make any causal connection to the unidentified harm and the purported violation of the automatic stay.

Finally, as to the November 25th and December 21st filings by Movant for additional sanctions, Movant fails to identify any correspondence which would otherwise be violative of the automatic stay. Particularly, "not all communications from a creditor to a debtor are prohibited" by the automatic stay. *In re Cousins*, 404 B.R. 281, 286 (S.D. Oh. 2009). Generally, a violation of the automatic stay depends on specifics, including "what type of communication was sent to the debtor and whether the communication had a purpose other than collection of the debt outside the scheme contemplated by the Bankruptcy Code." *In re Sciortino*, 561 B.R. 569, 578 (N.D. Ga.

2016). Communications such as a creditor advising a debtor of a mortgage escrow deficiency or monthly statements were deemed permissible, and not a violation of the automatic stay; generally, informational statements and notifications are permissible. *In re McCarthy*, 421 B.R. 550, 565 (D. Co. 2009); <u>Id</u>. at fn. 47.

Here, the communication cited in the November 25th and December 21st filings by Movant are per se informational and are analogous to mortgage escrow deficiency communications and other communications which clearly fall outside the collection of debt. Moreover, Movant seeks relief against the non-existent Respondent, which alone dooms the Motion.

## <u>LEGAL ARGUMENT</u>

For the foregoing reasons, inclusive of Movant filing the Motion against a legally non-existent Respondent, the Motion must be denied.

This 2nd day of December, 2025.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd
Ste B-136
Atlanta, GA 30338
 (404) 692-4342
mft@tottenfirm.com

/s Matthew F. Totten
Matthew F. Totten
Georgia Bar Number 798589
THE TOTTEN FIRM, LLC
*Attorney for 2017-1 IH Borrower LP*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CURTIS PARKER, | ) CAFN |
| | ) 25-61216-bem |
| Debtor. | ) |
| ------------------------------------- | ) CHAPTER 7 |
| | ) |
| CURTIS PARKER, | ) |
| | ) |
| Movant, | ) |
| | ) CONTESTED MATTER |
| v. | ) |
| | ) |
| INVITATION HOMES, LLC, | |
| Respondent. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the **Respondent Progress**

**Residential's Objections to Movant's Witness and Exhibit List**   using the CM/ECF system,

which will automatically send email notification of such filing to all interested parties.

Additionally, I have served the same by First Class U.S. Mail and e-mail upon the below pro se

party:

Curtis Parker, *Pro se*
1149 Autumn Glen Way
Dacula, GA 30019
curtis.parker1776@gmail.com

This 2nd day of December, 2025.

| | |
|---|---|
| THE TOTTEN FIRM, LLC | /s Matthew F. Totten |
| 5579 Chamblee-Dunwoody Rd | Matthew F. Totten |
| Ste B-136 | Georgia Bar Number 798589 |
| Atlanta, GA 30338 | THE TOTTEN FIRM, LLC |
| (404) 692-4342 | *Attorney for 2017-1 IH Borrower LP* |
| mft@tottenfirm.com | |