IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

CURTIS PARKER,

Debtor, Movant

v.

INVITATION HOMES, LLC / 2017-1 IH BORROWER LP,

Respondent.

**Chapter 7 Contested Matter - Case No. 25-61216-bem**

### REPLY AND REBUT RESPONDENT'S OPPOSITION TO MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY

Movant Curtis Parker, proceeding pro se, respectfully files this Reply and Rebut Respondent's Opposition to Motion for Sanctions for Willful Violation of the Automatic Stay.

Respondent's "Response in Opposition" (Doc. 18) to Movant's Motions for Sanctions (Doc. 11, 15, 17).

Respondent's Opposition relies on factual misstatements, misapplication of bankruptcy law, and incomplete legal assertions that must be corrected so the Court may consider a complete and accurate record before determining sanctions under 11 U.S.C. § 362(k).

1

## I. INTRODUCTION

Respondent attempts to avoid liability for clear violations of the automatic stay by asserting the misnomer of "Invitation Homes, LLC," denying receipt of notice despite actual knowledge, minimizing the severity of the acts taken against Movant during bankruptcy, and re-characterizing coercive HOA violation letters as "informational." These defenses fail as a matter of law, and the evidence shows Respondent had actual notice, engaged in stay-barred conduct and caused significant distress to Movant.

## II. BACKGROUND AND PROCEDURAL HISTORY

1. Movant filed Chapter 7 bankruptcy on September 30, 2025.

2. Movant provided actual notice to Invitation Homes representatives via telephone communication.

3. After notice, Respondent continued to pursue eviction efforts, issue threatening HOA letters demanding fines and compliance, and send coercive communications.

4. Movant filed multiple Motions for Sanctions (Docs. 11, 15, 17).

5. Respondent filed its Opposition (Doc. 18), which misstates facts and law.

## III. ARGUMENT & AUTHORITIES

### A. Misnaming the Creditor Does Not Defeat Stay Violation Liability

Respondent's argument that "Invitation Homes, LLC" does not exist is a technicality that does not bar relief.

Courts have consistently held that liability for stay violations depends on conduct, not corporate formalities.

2

Entities operating under a common brand, or whose agents commit violations, remain liable. See In re Smith, 876 F.2d 524 (6th Cir. 1989).

**B. Respondent Had Actual Notice of the Bankruptcy**

Bankruptcy notice is governed by federal law, not private lease provisions. Actual knowledge is sufficient.

See In re Roche, 361 B.R. 615 (Bankr. N.D. Ga. 2005). Respondent received multiple communications directly advising of the bankruptcy.

**C. HOA Violation Letters Were Prohibited Acts Under §362(a)**

These communications threatened fines, fees, and enforcement. Such conduct constitutes a violation under §362(a)(1), (a)(3), and (a)(6).

Courts routinely hold that HOA enforcement actions post-petition violate the stay. See In re McHenry, 179 B.R. 165 (9th Cir. 1995).

**D. Emotional Distress Is Compensable Under Eleventh Circuit Law**

Respondent misstates the standard. Emotional distress damages do not require medical proof if credible evidence shows harm.

Movant experienced fear, anxiety, and disruption caused directly by Respondent's misconduct.

See In re Horne, 876 F.3d 1076 (11th Cir. 2017).

**E. Respondent's Reference to Alleged "AI Usage" Is Irrelevant**

Respondent's attempt to discredit Movant's pleadings by referencing alleged generative AI is irrelevant.

**Federal courts evaluate substance, not style or drafting tools.**

3

## IV. REQUEST FOR SANCTIONS UNDER 11 U.S.C. § 362(k)

Respondent had actual notice, engaged in intentional conduct violating the stay, and caused compensable emotional distress.

Movant respectfully requests:

- Actual damages
- Emotional distress damages
- Punitive damages
- Costs and fees
- Any other relief deemed proper by the Court

## V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant this Motion, impose sanctions under 11 U.S.C. § 362(k),

and award all appropriate relief.

*[Signature: Curtis P.]*
1149 Autumn Glen Way
Dacula, Ga 30019

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion was served via email and U.S. Mail to:

Matthew F. Totten
The Totten Firm, LLC
5579 Chamblee-Dunwoody Road, Suite B-136
Atlanta, GA 30338

Filed on December 3, 2025

/s/ Curtis Parker

Curtis Parker, Pro Se
1149 Autumn Glen Way
Dacula, GA 30019
Email: curtis.parker1776@gmail.com

*Curtis Parker*

5