25-61216

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

Debtor.

CURTIS PARKER, Debtor,

Movant,

v.

2017-1 IH Borrower LP'S ("IH")

Respondent.



## *Amended* MOTION FOR SANCTIONS AND REQUEST FOR RENT WAIVER FOR VIOLATION OF THE AUTOMATIC STAY

COMES NOW the Debtor, Curtis Parker, responding pro se, regarding this matter and respectfully moves this Honorable Court to impose sanctions and/or grant waiver of post-petition rent of September, October and November 2025 against Invitation Homes, LLC ("Creditor"), for willful violation of the automatic stay pursuant to 11 U.S.C. § 362(a) and § 362(k).

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O).

3. Venue is proper pursuant to 28 U.S.C. § 1408.

## II. FACTUAL BACKGROUND

4. Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on 09/29/2025, invoking the automatic stay under 11 U.S.C. § 362(a).

5. Prior to and after filing, Debtor leased residential property from Invitation Homes, LLC located at 1149 Autum Glen Way, Dacula Ga 30019

6. Despite confirmed notice of the bankruptcy filing, On September 30, 2025, the tenant provided notification of the bankruptcy filing. On October 1, 2025, at 9:01 am, Shauna was informed again about the bankruptcy. On October 22, 2025, Christina R. confirmed that Invitation Homes had received all prior bankruptcy notifications from the tenant. Despite receiving these notifications, Invitation Homes proceeded to file or pursue an eviction action in state court.

7. Debtor notified Invitation Homes of the bankruptcy filing multiple times prior and documented such communications.

8. Debtor learned of the eviction filing through a third-party email, causing significant anxiety and distress until days later when confirmation was received that the eviction would be halted.

9. Such conduct constitutes a willful violation of the automatic stay under 11 U.S.C. § 362(k).

## III. LEGAL STANDARD AND ARGUMENT

A. The Automatic Stay

10. Section 362(a) prohibits "any act to obtain possession of property of the estate or of property from the estate."

11. The stay is effective upon filing the bankruptcy petition. See In re Smith, 876 F.2d

524, 526 (6th Cir. 1989).

12. Actions violating the stay are void. See In re Schwartz, 954 F.2d 569, 571 (9th Cir. 1992); In re Soares, 107 F.3d 969, 976 (1st Cir. 1997).

**B. Willful Violation**

13. Under 11 U.S.C. § 362(k)(1), "an individual injured by any willful violation of a stay ... shall recover actual damages."

14. A violation is "willful" when a creditor knows of the bankruptcy and intentionally performs the act. See In re Crysen/ Montenay Energy Co., 902 F.2d 1098, 1105 (2d Cir. 1990).

15. Good faith is not a defense. See In re Atlantic Bus. & Cmty. Corp., 901 F.2d 325, 329 (3d Cir. 1990).

C. Emotional Distress Damages

16. Emotional distress damages are recoverable under § 362(k). See In re Dawson, 390 F.3d 1139, 1148 (9th Cir. 2004).

**IV. RELIEF REQUESTED**

WHEREFORE, Debtor respectfully requests this Court to:

1.
    1. Find that Invitation Homes willfully violated the automatic stay under 11 U.S.C. § 362(a. Because Invitation Homes continued collection efforts and pursued eviction despite receiving multiple notices of the bankruptcy filing, this conduct constitutes a willful violation as defined by relevant case law. The automatic stay is designed to halt creditor actions upon notice, and Invitation Homes' repeated

actions in disregard of this protection meet the legal standard for a willful violation.

2. Order Invitation Homes to waive rent for September, October, and November 2025, or award equivalent monetary damages. The requested waiver or monetary compensation is justified as a remedy for the violation of the automatic stay. When a creditor acts in contravention of the stay, courts may award relief that restore the debtor to the position they would have been in had the stay been respected, including the waiver of post-petition obligations that were improperly enforced.

3. Award actual damages, including emotional distress and costs under § 362(k)(1). Under 11 U.S.C. § 362(k)(1), a debtor injured by a willful violation of the automatic stay is entitled to recover actual damages, which may include emotional distress and reasonable costs incurred as a result of the violation. The continued eviction efforts and rent demands despite notice of bankruptcy have caused tangible harm, justifying such relief.

4. Note the landlord's prior FTC settlement as evidence of systemic issues. The FTC settlement, in which Invitation Homes paid $48 million for unfair eviction practices and other unlawful conduct, demonstrates a history of disregard for tenant rights. This prior behavior is relevant in assessing whether the present violation was part of a broader pattern of unlawful conduct, supporting the need for stronger remedies in this case.

Consider punitive damages to deter future violations; and

5. Grant such other and further relief as this Court deems proper.

Respectfully submitted,

Curtis Parker
1149 Autum Glen Way
Dacula ,Ga 30019
770 -369-6521
Email: curtis.parker1776@gmail.com
Pro Se Debtor

## CERTIFICATE OF SERVICE

This is to certify that I have served the foregoing Motion For Additional Sanctions Against Invitation Homes For Willful Violation Of The Automatic Stay by way of United States Postal Service Certified Mail to the following party of record:

Matthew F. Totten
Georgia Bar No. 798589
The Totten Law Firm, LLC
5579 Chamblee-Dunwoody Road, Suite B-136
Atlanta, Georgia 30338
Attorney of records for Invitation Homes

**December 9, 2025**

Curtis Parker
1149 Autumn Glen Way
Dacula, GA  30019

*/s/ Curtis Parker*