# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

CURTIS PARKER, Debtor.

V.

2017-1 IH Borrower LP's ("IH")

**Chapter 7 Case No. 25-61216-bem**

## MOTION TO ENFORCE SETTLEMENT AGREEMENT, VACATE DISMISSAL, FOR DAMAGES, AND FOR SANCTIONS

Curtis Parker ("Debtor"), appearing pro se, moves this Court for entry of an order enforcing a binding settlement agreement entered with 2017-1 IH Borrower LP ("Invitation Homes") as evidenced by exhibit (**A**), vacating any dismissal entered in reliance on that agreement, awarding damages, and imposing sanctions for bad-faith and coercive conduct. This motion is necessitated by a pattern of abuse in which Invitation Homes and its counsel used threats to the Debtor's bankruptcy discharge to force dismissal of "stay violation claims" as evidenced by exhibit (**J**) and debtors response exhibit (**D**), induced dismissal through a promise of payment, as evidenced by exhibit (**A**) and then refused to pay as evidenced by exhibit (**F**) and debtors response exhibit (**L**) while attempting to intimidate Debtor from seeking enforcement as evidenced by exhibit (**K**)

## I. BACKGROUND AND UNDISPUTED FACTS

### A. December 26, 2025, Discharge-Threat Coercion

1. On **December 26, 2025**, while Debtor's motions asserting **bankruptcy automatic-stay violations** were pending, Invitation Homes' counsel Matthew F. Totten wrote:

1

"my client believes there may be a basis for it to object to the entirety of your bankruptcy discharge under 11 USC 727… Because the timeline to object to the discharge is very short (12/30), my client believes your immediately.st my client needs to be dismissed with prejudice immediately." **See Exhibit J**

2. This threat was made despite Invitation Homes having known the alleged facts (Airbnb use) **for months**, including before and during the creditors' meeting, while continuing to accept rent. The discharge threat was thus not a good-faith legal position—it was a **weaponization of a statutory deadline** to force surrender of stay-violation claims.

3. Debtor objected in writing, characterizing this as coercive and retaliatory, and requested good-faith settlement. **see exhibit D**

**B. The Settlement and Induced Dismissal**

4. On **December 29, 2025,** following this coercive pressure, Totten offered a written settlement stating Invitation Homes would:" account and remit $7,000.00 to Parker" in exchange for dismissal of stay-violation claims. **See exhibit (A)**

5. Debtor **accepted** the settlement and, in reliance on payment, **filed a motion to dismiss** pending claims with this Court. **See motion to dismiss, filed with the court**

6. This constituted **detrimental reliance**: Debtor surrendered litigation leverage after being asked by defendants counsel before receiving any funds.

**C. Post-Dismissal Breach**

7. On **January 9, 2026,** Invitation Homes did not remit payment. Instead, Totten sent a **ledger** showing a unilateral "credit" applied to alleged rent. **See Exhibit F and L**

8. The settlement contains **no language** authorizing offsets, credits, or conditional performance. It requires **payment**.

### D. January 10, 2026, Intimidation and Misrepresentation

9. When Debtor objected, Totten escalated, asserting:

- That sending a ledger constituted "remittance" of money.

- That seeking enforcement would be "defamation" and "malicious abuse of process".

- That Debtor would owe attorney's fees.

- That enforcement would be an "anticipatory breach" allowing eviction.

10. These statements are legally false. Enforcement of a settlement and regulatory reporting are **absolutely privileged**. Threatening defamation and bankruptcy retaliation to block court access constitutes **coercion and misconduct**. See Exhibit K

## II. LEGAL STANDARD

Federal courts have inherent authority to:

- Enforce settlement agreements,

- Vacate dismissals procured by nonperformance,

- Sanction parties and counsel who act in bad faith.

*Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994).*

## III. INVITATION HOMES MATERIALLY BREACHED

"Remit" means **to pay or send money**.

*It does not mean to issue an internal ledger credit. If Invitation Homes intended an offset, it was required to state that in the settlement. It did not. Silence bars unilateral offsets.*

## IV. EQUITABLE ESTOPPEL AND VACATUR OF DISMISSAL

Invitation Homes:

- Induced dismissal by promising payment,

- Secured dismissal,

- Then refused to pay.

Equity bars this bait-and-switch. The dismissal must be vacated.

## V. COUNSEL'S CONDUCT REQUIRES SANCTIONS

Totten:

- Threatened discharge litigation to force dismissal.
- Threatened defamation and abuse-of-process to block enforcement.
- Misstated law to intimidate a pro se debtor.

This is bad-faith litigation conduct warranting sanctions.

## VI. RELIEF REQUESTED

Debtor respectfully requests that the Court:

1. **Enforce the settlement agreement**;

2. **Order immediate payment of $7,000.00** to Debtor;

3. **Vacate any dismissal** entered in reliance on the breached settlement;

4. Award **damages, costs, and fees** caused by the breach;

5. **Sanction Invitation Homes and/or counsel** for coercive and bad-faith conduct;

6. Retain jurisdiction to enforce compliance; and

7. Grant such further relief as justice requires.

## TIMELINE OF COERCION, SETTLEMENT, AND BREACH

| Date | Event | Legal Significance |
|------|-------|--------------------|
| **Dec 26, 2025 (1:39 PM)** | Totten threatens §727 discharge objection unless Parker dismisses stay claims with prejudice by Dec 30 **see exhibit J** | **Coercion & abuse of bankruptcy leverage** |
| **Dec 26, 2025 (3:45 PM)** | Parker objects, calls it retaliatory and coercive, seeks good-faith settlement **see exhibit D** | Establishes Totten had notice his conduct was improper |
| **Dec 29, 2025** | Totten offers settlement: client will "account and remit $7,000" **see exhibit A** | Induces dismissal through promise of payment |
| **Dec 30, 2025** | Parker accepts & dismisses claims **see Motion to dismiss due to settlements** | **Detrimental reliance** |
| **Jan 9, 2026** | Totten sends ledger instead of money **see exhibit F** | **Settlement breach** |
| **Jan 10, 2026** | Totten threatens defamation, fees, eviction, anticipatory breach if Parker enforces **see exhibit K** | **Retaliation & intimidation to block enforcement** |

Respectfully submitted,

January 12, 2026

/s/ Curtis Parker

Pro Se Plaintiff

1149 Autumn Glen Way

Dacula, GA  30019

(770) 369-6521

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing Motion to Enforce Settlement

Agreement, Vacate Dismissal, for Damages, and for Sanctions by way of Certified

U.S. Mail and Email to the following party of record:

Matthew F. Totten
Email: mft@tottenfirm.com
Georgia Bar No. 798589
The Totten Law Firm, LLC
5579 Chamblee-Dunwoody Road, Suite B-136
Atlanta, Georgia 30338
Attorney of records for Invitation Homes

**On January 12, 2026.**

Curtis Parker
*Pro Se* Plaintiff
1149 Autumn Glen Way
Dacula, GA  30019



On Monday, December 29, 2025, Matthew Totten <mtf@tottenfirm.com> wrote:

FOR PURPOSES OF SETTLEMENT AND COMPROMISE

Mr. Parker –

Thank you again for breaking out your assertions with particularity to clarify the ask on your settlement offer.

My client counteroffers your settlement terms as follows

- The parties shall file a joint notice of dismissal upon an email accepting the instant terms with the bankruptcy court. *See attached to be filed upon acceptance via email, which will be filed by my office.*
- Within seven days of an email accepting the instant terms, Parker shall dismiss with prejudice the pending claims against 2017-1 IH Borrower LP as to any asserted violations of the bankruptcy automatic stay. *See attached, as drafted for your convenience*
  ○ In entering this settlement, Parker expressly stipulates that this settlement encompasses all purported violations of the bankruptcy automatic stay by 2017-1 IH Borrower LP, its employees, and its agents
- 2017-1 IH Borrower LP shall account and remit $7,000.00 to Parker and provide evidence of the same to Parker within ten business days of acceptance.
- Parker expressly stipulates that he shall vacate the subject Premises (known as 1149 Autumn Glen Way, Dacula, GA 30019) on before January 30, 2026, and that the Premises shall be abandoned as property of the bankruptcy estate upon discharge, this settlement agreement does not constitute a ratification or novation of the lease agreement for the subject Premises.
  ○ The security deposit for the subject Premises shall be treated in accordance with Georgia law subsequent to Parker vacating the Premises. See O.C.G.A. 44-7-30 – 44-7-37.
- Each party shall bear its own attorneys' fees in this action; to the extent any party may incur attorneys' fees in enforcing this settlement, the prevailing party is entitled to its costs and attorneys' fees in enforcing this settlement

**Time is of the essence in this settlement offer** – should you fail to accept the foregoing terms via email by 12:00 p.m. EST on 12/30/2025, said offer shall automatically expire by its terms.

Thanks

<image001.png>

**Matthew F. Totten**
*Managing Attorney*

Phone (404) 692-4342   Email mtf@tottenfirm.com
Mailing Address 5575 Chamblee Dunwoody Rd. Ste E-135  Atlanta
GA 30338
Web http://www.tottenfirm.com

*Exhibit A 1*

December 29, 2025

Matthew F. Totten, Esq.
The Totten Law Firm, LLC
5579 Chamblee-Dunwoody Road, Suite B-136
Atlanta, Georgia 30338

Counsel:

I write in response to your email requesting an outline of the dates on which Invitation Homes communicated with me after receiving notice of my bankruptcy filing. As you are aware, those communications constituted violations of the automatic stay, and I am seeking appropriate compensation and other relief arising from Invitation Homes' unlawful conduct.

This letter outlines the **specific violations, dates, individuals involved, and the statutory provisions breached**

---

## I. NOTICE OF BANKRUPTCY AND APPLICABILITY OF THE AUTOMATIC STAY

The Debtor filed a **Chapter 7 petition on September 29, 2025,** thereby triggering the automatic stay under **11 U.S.C. § 362(a)**. Invitation Homes had **actual notice** of the bankruptcy filing prior to each of the communications identified below.

Despite this knowledge, Invitation Homes **continued affirmative acts to enforce prepetition claims, coerce compliance, and threaten financial liability**, without seeking or obtaining relief from stay under § 362(d).

---

## II. SPECIFIC AUTOMATIC STAY VIOLATIONS

### Violation #1 — November 24, 2025

**Actor:** Invitation Homes representative (Property Management / Customer Service)
**Medium:** Email communication

Invitation Homes contacted the Debtor demanding **"proof or evidence"** regarding an alleged HOA violation and requesting information regarding what would be required to **"cure"** the alleged violation.

**Violations:**

- § 362(a)(6): Act to collect or recover a prepetition claim

- § 362(a)(3): Act to exercise control over property of the estate

- § 362(a)(1): Continuation of a prepetition enforcement process

The alleged HOA violation **predates the bankruptcy filing (July 2025)** and therefore constitutes a **prepetition claim**. Demanding proof, participation, or remediation is prohibited enforcement activity.

---

**Violation #2 — November 25, 2025**

**Actor:** Invitation Homes
**Medium:** Email escalation

Invitation Homes escalated the matter by stating the violation **"will be forwarded"** and directing the Debtor to engage with Invitation Homes' internal dispute system to contest or resolve the matter.

**Violations:**

- § 362(a)(1): Continuation of enforcement proceedings

- § 362(a)(3): Exercising control over estate property

- § 362(a)(6): Coercive attempt to compel compliance

Requiring the Debtor to navigate an internal compliance or enforcement system constitutes **continued collection and enforcement activity** barred by the automatic stay.

---

**Violation #3 — November 25, 2025 (Demand Email with Financial Threats)**

**Actor:** Invitation Homes
**Medium:** Formal "Violation Notice" Email

Invitation Homes issued a demand notice stating, inter alia:

- "You are responsible for fines, fees, or the cost to resolve or cure this violation."

- "Per your lease agreement, you are responsible for any fines, fees, and chargebacks."

- A mandatory **"Respond Now"** directive requiring action.

**Violations:**

- § 362(a)(6): Direct attempt to collect a prepetition debt

- § 362(a)(3): Exercise of control over estate property

- § 362(a)(1): Enforcement of prepetition obligations

This communication constitutes an **explicit demand for payment**, accompanied by **financial threats,** and is the most egregious violation due to its coercive and intimidating nature.

---

**III. ADDITIONAL VIOLATIONS — DECEMBER 3, 2025, EMAIL COMMUNICATIONS**

**Violation #4 — December 3, 2025**

**Actor:** Invitation Homes representatives
**Medium:** Direct communications with the Debtor

On December 3, 2025, Invitation Homes **continued direct communications with the Debtor** despite:

- Full knowledge of the active Chapter 7 case

- The pending dispute regarding prior stay violations

- The prohibition on further contact concerning prepetition matters

These communications were **not informational**, but were reasonably calculated to **pressure, intimidate, or influence the Debtor's occupancy and compliance,** and therefore constitute **continued willful violations of the automatic stay** under §§ 362(a)(3) and (a)(6).

Once a creditor is placed on notice of a potential stay violation, **continued contact aggravates liability and supports punitive damages**.

**Violation #5 – December 9, 2025**

- Email regarding Violation Details (subject line)

**Violation #6 – December 10, 2025**

- Official Breach of Lease Email

---

**IV. WILLFULNESS AND AGGRAVATION**

Willfulness under § 362(k) requires only:

1. Knowledge of the bankruptcy, and

2. An intentional act that violates the stay.

Both elements are satisfied here. **Repeated violations,** escalating tone, financial threats, and post-motion communications demonstrate **reckless disregard for the Bankruptcy Code**.

Internal error, misunderstanding, or reliance on automated systems is **not a defense**.

---

**Violation #7 – December 26, 2025**

**VI. IMPROPER THREATENING AND INTIMIDATION REGARDING DISCHARGE**

We understand that IH disagree with this assessment ,but we present it for the record and seek $2000.00 for this violation alone: Invitation Homes, **through its attorney,** further engaged in **blatant intimidation and coercion** by asserting that it would **object to the entirety of Mr. Parker's Chapter 7 discharge** unless he **immediately dismissed his Motion for Sanctions with prejudice.**

This threat was made **outside of any filed pleading**, without legal or factual basis, and for the **sole purpose of chilling the Debtor's exercise of his statutory rights** under the Bankruptcy Code.

Using the threat of a **global discharge objection** as leverage to force withdrawal of a sanctions motion constitutes:

- **Bad-faith litigation conduct**

- **Abuse of the bankruptcy process**

- **Improper coercion of a debtor protected by the automatic stay**

- **Retaliation for asserting rights under 11 U.S.C. § 362(k)**

Courts have consistently held that threatening adverse bankruptcy consequences to extract dismissal of a debtor's lawful motion is **sanctionable misconduct** and supports **punitive damages**.

This intimidation is **separate and independent** from the automatic stay violations outlined above and further demonstrates a **pattern of willful, coercive, and retaliatory conduct** by Invitation Homes and its counsel.

For this conduct as well, **Invitation Homes must be held accountable**.

Nothing in this letter constitutes a waiver of any rights, remedies, or claims, all of which are expressly reserved.

**All security deposits paid in connection with the property must be returned in full.** Invitation Homes must **immediately cease and desist from communicating, reporting, or conveying any eviction status, eviction threat, or eviction-related information** regarding the property to any third party, including but not limited to credit reporting agencies, tenant screening services, internal databases, property management systems, or affiliated entities.

## Summary of Settlement Offer

- Violations #1–6: $1,000 each occurrence — $6,000 total
- Violation #7: $2,000
- Return of Deposit: $2,400

Subtotal: $6,000 (Violations #1–6) + $2,000 (Violation #7) = $8,000 (Violations)

Total Settlement Amount: $8,000 (Violations) + $2,400 (Deposit) = $10,400

Mr. Parker proposes a move-out date of January 30, 2026.

If you agree to these terms, please confirm in writing by January 5, 2026, so we may proceed with filing the Motion to Withdraw Stay Violations.

Sincerely,

Curtis Parker
Debtor, Pro Se

Exhibit (J)

 **Curtis Parker <curtis.parker1776@gmail.com>**

---

**Re: Voice mail to Curtis Parker**
1 message

---

**Matthew Totten** <mft@tottenfirm.com>                    Fri, Dec 26, 2025 at 1:39 PM
To: Curtis Parker <curtis.parker1776@gmail.com>

Mr. Parker -

Can you specify each asserted bankruptcy violations and their corresponding dates to frame your offer #1?

Also, please be advised my client believes there may be a basis for it to object to the entirety of your bankruptcy discharge under 11 USC 727.

Because of the timeline to object to the discharge is very short (12/30), my client believes your motions against my client need to be dismissed with prejudice immediately.

If you are able to dismiss with prejudice the asserted automatic stay violations today, the foregoing may all be mooted.


Thanks


Get Outlook for iOS

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Friday, December 26, 2025 3:45 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Re: Voice mail to Curtis Parker

Mr. Totten,

I write in response to your email below.

First, with respect to your request that I immediately dismiss my pending motions with prejudice, that request is rejected. There is no legal or factual basis requiring dismissal of asserted automatic stay violations, particularly where those violations have already occurred and are supported by documentary evidence.

Second, your statement that your client "believes there may be a basis" to object to the entirety of my Chapter 7 discharge under 11 U.S.C. § 727 is concerning and is viewed as retaliatory. The factual circumstances you reference—specifically any alleged Airbnb-related use—have been known to your client for several months, including prior to and during the creditors' meeting. Despite that knowledge, your client took no action, raised no objection, and continued to accept rent payments without issue. The evidence will reflect that your client knowingly acquiesced in the status quo so long as rent was being paid.

Any attempt to now weaponize the impending objection deadline to force dismissal of valid stay-violation claims will be presented to the Court for what it is: an improper and coercive tactic. If your client intends to pursue an objection to discharge, it should be based on good-faith factual and legal grounds—not as leverage to extinguish pending claims arising from its own misconduct.

With respect to your request for specificity, the automatic stay violations consist of repeated post-petition contacts and enforcement actions undertaken after notice of the bankruptcy filing. These violations are documented and will be presented in detail in the appropriate forum. I am under no obligation to condition enforcement of federal bankruptcy protections on withdrawal of those claims with prejudice.

Please ensure that your client has fully disclosed to you all pertinent facts regarding its prior knowledge, its acceptance of rent, and its decision not to act until faced with accountability for stay violations. Should your client proceed with an objection to discharge under these circumstances, that conduct will be addressed accordingly.

This correspondence is written in furtherance of resolution and an equitable settlement of this matter. Please advise what your client proposes to resolve the issues and bring this matter to rest. We are aware of your client's recent settlement with the FTC concerning conduct consistent with that outlined in our motions, and we remain open to an equitable resolution.

Regards,

Curtis Parker

On Fri, Dec 26, 2025 at 1:39 PM Matthew Totten <mft@tottenfirm.com> wrote:

Mr. Parker -

Can you specify each asserted bankruptcy violations and their corresponding dates to frame your offer #1?

Also, please be advised my client believes there may be a basis for it to object to the entirety of your bankruptcy discharge under 11 USC 727.

Exhibit (L)

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Saturday, January 10, 2026 8:14 AM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Re: Voice mail to Curtis Parker

Mr. Totten, I am in receipt of your email and the attached ledger. You and your client's unilateral decision to apply the agreed-upon $7,000.00 settlement payment as a "credit" toward an alleged rental balance constitutes a material breach

Mr. Totten,

I am in receipt of your email and the attached ledger.

You and your client's unilateral decision to apply the agreed-upon $7,000.00 settlement payment as a "credit" toward an alleged rental balance constitutes a material breach of the settlement agreement.

There is **nothing in the settlement terms**—express or implied—that authorizes Invitation Homes or 2017-1 IH Borrower LP to apply the settlement funds to any balance, ledger, or accounting. The agreement plainly states that your client "shall account and remit $7,000.00 to Parker" within ten business days. "Remit" does not mean internally offset, recharacterize, or condition payment on disputed accounting entries. You and your client requested the address by which to remit the funds as agreed,

The settlement, read as a whole, gives the clear and reasonable impression that the matter was being **resolved**, not converted into a unilateral accounting maneuver to your client's benefit after acceptance. Any ambiguity would be construed against the drafter—your client.

Critically, I relied on this agreement to my detriment. In good faith compliance with the settlement, I provided a Motion to Dismiss to the Bankruptcy Court after being requested to do so by yourself **before any funds were disbursed,** relinquishing active claims and leverage in reliance on your client's performance. Your client's post-acceptance conduct undermines the very basis of that reliance. I would ask that you review and consider this action as being cause for a Georgia Bar complaint.

We consider this action treacherous and a breach of contract. **As a result, your client's conduct voids the agreed-upon contract unless immediately cured. If not cured before motions are filed the new settlement amount is $25,000**

Unless the $7,000.00 settlement payment is promptly remitted to me as agreed—separate and apart from any internal ledger, offset, or accounting manipulation—I will proceed accordingly. This includes, but is not limited to:

- Seeking relief from the Bankruptcy Court based on breach of settlement and **misrepresentation;**

- Pursuing enforcement and damages for breach of contract; and

- Referring this matter to the Federal Trade Commission, **including requesting that the FTC pursue action on my behalf for breach of this settlement and for your client's conduct in connection with it.**

Please advise immediately how your client intends to cure this breach.

Attached:

- Motion to enforce settlement with (3) email attachments
- Letter to Federal Trade Commission
- Letter to media outlets

Regards,

Curtis Parker

*Exhibit (F)*

Email from Matthew Totten dated January 10, 2026



**Matthew Totten**

Fri, Jan 9,
9:36 PM (9
hours ago)

to me

Mr. Parker –

Thank you for the email – it was a very hectic day today so only am able to circle back now.

Pursuant to the settlement, please see the attached accounting reflecting the application of a $7,000.00 credit to your account. As you can also see within the attached ledger, based on your filing of bankruptcy on 9/29/25, the credit addresses a substantial portion of your post-petition rental obligations which would not otherwise be discharged in the course of bankruptcy. Prior to the credit, the ledger reflects an amount of $13,884.27, of which $2,787.38 being pre-petition and $11,096.89 being post-petition.

Thanks,

**Matthew F. Totten**

*Managing Attorney*

**Phone** (404) 692-4342    **Email** mft@tottenfirm.com

**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338

**Web** http://www.tottenfirm.com

**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this

5 of 140

RE: Voice mail to Curtis Parker

Inbox



**Matthew Totten**

Sat, Jan 10, 11:19 AM (2 days ago)

to me

Mr. Parker –

Your statements and recitation in the below email are baseless and unfounded – resultingly, any of your threatened action would be defamatory and malicious abuse of process, at a minimum.

Particularly, within the settlement terms it was agreed that my client would "account and remit" a certain amount. An "accounting" is defined as a "statement by which someone seeks to describe or explain an event", including a "detailed statement of the debits and credits between parties to a contract." Account, Black's Law Dictionary (12th ed. 2024). My client has accomplished exactly that in crediting the ledger provided as to post-petition sums accruing due to your continued occupancy of the subject real property in the agreed amount. My client similarly timely remitted – transmitted, as defined within Black's Law – the statement applying the agreed upon sum to you, as you acknowledge in your threatening email. There unequivocally is no ambiguity here.

My client expressly did not address whatsoever or waive any of the post-petition sums owed to it within the settlement – I have attached it again hereto as a reference. Resultingly, based upon the agreed settlement terms, my client has fully performed its to-date obligations within the settlement.

Moreover, in light of your express acknowledgment in writing – which was previously verified independently via AirBnB as reflected in the attached – you admittedly were in violation of several of the lease provisions prohibiting subletting of the property as an income-producing short term rental (until December 30th, when you admittedly ceased such operations), which was also an express violation of the HOA bylaws and resulted in fines being assessed by the HOA against my client.

I will not go through and correct your numerous misstatements of fact in your email, but at no point did I "request[] the address by which to remit the funds" – I simply asked for you to confirm your forwarding address. See attached.

To the extent that you do elect to frivolously move forward with any threatened motion to enforce the agreed-upon and performed (at least by my client to-date) settlement, my client intends to enforce the settlement provisions and seek recovery of its attorney's fees against you in doing so, as contemplated within the settlement.

My client may also elect to consider your filing of such a frivolous motion – should you elect to pursue such baseless action on Monday, as threatened - as an anticipatory breach of the settlement by you, namely you refusing to vacate the subject property by 1/30/26. In either event, my client would be well-founded in seeking its attorney's fees incurred in any dispossessory proceeding filed, as authorized by the order entered modifying the automatic stay, in similarly enforcing the settlement agreement.

Govern yourself accordingly.

**Matthew F. Totten**

***Managing Attorney***

**Phone** (404) 692-4342    **Email** mft@tottenfirm.com

**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338

**Web** http://www.tottenfirm.com