**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Monday, December 29, 2025 12:26 PM |
| **To:** | Matthew Totten |
| **Subject:** | Re: Voice mail to Curtis Parker |
| **Attachments:** | Invitation Homes Violations Outline 12.29.25.pdf |

**External Sender** - From: (Curtis Parker <curtis.parker1776@gmail.com>)
This message came from outside your organization.

Learn More

Mr. Totten,

As per our communication last week, please see the attached letter which outlines Invitation Homes Stay Violations.

Regards,

Curtis Parker

On Sat, Dec 27, 2025 at 2:15 PM Matthew Totten <mft@tottenfirm.com> wrote:

> Mr. Parker –
>
> Respectfully, there is no coercion or implied undertone, or any other sort of 'condition' expressed.
>
> I requested you specify the asserted bankruptcy violations and their corresponding dates to frame your offer to my client as well as ensure the terms of your offer were clear.
>
> I look forward to hearing back from you regarding the specific terms of your offer #1, as previously requested.
>
> Sincerely,

1



**Matthew F. Totten**

*Managing Attorney*

**Phone** (404) 692-4342     **Email** mft@tottenfirm.com

**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338

**Web** http://www.tottenfirm.com



**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

---

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Friday, December 26, 2025 3:45 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Re: Voice mail to Curtis Parker

Mr. Totten,

I write in response to your email below.

First, with respect to your request that I immediately dismiss my pending motions with prejudice, that request is rejected. There is no legal or factual basis requiring dismissal of asserted automatic stay violations, particularly where those violations have already occurred and are supported by documentary evidence.

Second, your statement that your client "believes there may be a basis" to object to the entirety of my Chapter 7 discharge under 11 U.S.C. § 727 is concerning and is viewed as retaliatory. The factual circumstances you reference—specifically any alleged Airbnb-related use—have been known to your client for several months, including prior to and during the creditors' meeting. Despite that knowledge, your client took no action, raised no objection, and continued to accept rent payments without issue. The evidence will reflect that your client knowingly acquiesced in the status quo so long as rent was being paid.

Any attempt to now weaponize the impending objection deadline to force dismissal of valid stay-violation claims will be presented to the Court for what it is: an improper and coercive tactic. If your client intends to pursue an objection to discharge, it should be based on good-faith factual and legal grounds—not as leverage to extinguish pending claims arising from its own misconduct.

With respect to your request for specificity, the automatic stay violations consist of repeated post-petition contacts and enforcement actions undertaken after notice of the bankruptcy filing. These violations are documented and will be presented in detail in the appropriate forum. I am under no obligation to condition enforcement of federal bankruptcy protections on withdrawal of those claims with prejudice.

Please ensure that your client has fully disclosed to you all pertinent facts regarding its prior knowledge, its acceptance of rent, and its decision not to act until faced with accountability for stay violations. Should your client proceed with an objection to discharge under these circumstances, that conduct will be addressed accordingly.

This correspondence is written in furtherance of resolution and an equitable settlement of this matter. Please advise what your client proposes to resolve the issues and bring this matter to rest. We are aware of your client's recent settlement with the FTC concerning conduct consistent with that outlined in our motions, and we remain open to an equitable resolution.

Regards,

Curtis Parker


On Fri, Dec 26, 2025 at 1:39 PM Matthew Totten <mft@tottenfirm.com> wrote:

> Mr. Parker -
>
> Can you specify each asserted bankruptcy violations and their corresponding dates to frame your offer #1?
>
> Also, please be advised my client believes there may be a basis for it to object to the entirety of your bankruptcy discharge under 11 USC 727.
>
> Because of the timeline to object to the discharge is very short (12/30), my client believes your motions against my client need to be dismissed with prejudice immediately.
>
> If you are able to dismiss with prejudice the asserted automatic stay violations today, the foregoing may all be mooted.
>
> Thanks

3

Get Outlook for iOS

---

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Friday, December 26, 2025 1:27 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Voice mail to Curtis Parker

External Sender - From: (Curtis Parker <curtis.parker1776@gmail.com>)
This message came from outside your organization.

Learn More

Mr. Totten,

I am in receipt of your voicemail regarding the above-referenced matter.

At this time, I prefer that all communications occur in writing. This ensures clarity and avoids any misunderstanding, particularly given that the conduct at issue involves violations of the automatic stay while I was under the protection of Chapter 7 bankruptcy.

As you are aware, direct contact with a debtor during the pendency of a bankruptcy case may constitute a violation of 11 U.S.C. § 362. In an effort to resolve this matter efficiently and without further litigation, I am willing to discuss settlement under the following terms:

**Settlement Options**

1. **Monetary Resolution**
   Invitation Homes may elect to resolve this matter through payment of statutory damages in the amount of **$1,000 per violation of the automatic stay**, along with the **return of my full security deposit**, after which the parties would negotiate an agreed move-out date.

**OR**

2. **Lease Term Resolution**
   Invitation Homes may agree to allow my household to **remain in the property through the end of the existing lease term (April 2026)** with no further interference. In exchange, I would withdraw all pending motions and pleadings related to the stay violations.

If Invitation Homes declines both options, I am prepared to continue litigating this matter and to present all available evidence in the appropriate forums, including evidence of repeated stay violations and any non-compliance with applicable federal agreements and consumer protection obligations.

This correspondence is made for settlement purposes only and is not a waiver of any rights, claims, or remedies available to me under bankruptcy law, federal law, or otherwise.

If your client wishes to discuss resolution, please respond in writing.

Regards,
Curtis Parker

December 29, 2025

Matthew F. Totten, Esq.
The Totten Law Firm, LLC
5579 Chamblee-Dunwoody Road, Suite B-136
Atlanta, Georgia 30338

Counsel:

I write in response to your email requesting an outline of the dates on which Invitation Homes communicated with me after receiving notice of my bankruptcy filing. As you are aware, those communications constituted violations of the automatic stay, and I am seeking appropriate compensation and other relief arising from Invitation Homes' unlawful conduct.

This letter outlines the **specific violations, dates, individuals involved, and the statutory provisions breached**

---

### I. NOTICE OF BANKRUPTCY AND APPLICABILITY OF THE AUTOMATIC STAY

The Debtor filed a **Chapter 7 petition on September 29, 2025**, thereby triggering the automatic stay under **11 U.S.C. § 362(a)**. Invitation Homes had **actual notice** of the bankruptcy filing prior to each of the communications identified below.

Despite this knowledge, Invitation Homes **continued affirmative acts to enforce prepetition claims, coerce compliance, and threaten financial liability**, without seeking or obtaining relief from stay under § 362(d).

---

### II. SPECIFIC AUTOMATIC STAY VIOLATIONS

**Violation #1 — November 24, 2025**

**Actor:** Invitation Homes representative (Property Management / Customer Service)
**Medium:** Email communication

Invitation Homes contacted the Debtor demanding **"proof or evidence"** regarding an alleged HOA violation and requesting information regarding what would be required to **"cure"** the alleged violation.

**Violations:**

- § 362(a)(6): Act to collect or recover a prepetition claim
- § 362(a)(3): Act to exercise control over property of the estate
- § 362(a)(1): Continuation of a prepetition enforcement process

The alleged HOA violation **predates the bankruptcy filing (July 2025)** and therefore constitutes a **prepetition claim**. Demanding proof, participation, or remediation is prohibited enforcement activity.

---

### Violation #2 — November 25, 2025

**Actor:** Invitation Homes
**Medium:** Email escalation

Invitation Homes escalated the matter by stating the violation **"will be forwarded"** and directing the Debtor to engage with Invitation Homes' internal dispute system to contest or resolve the matter.

**Violations:**

- § 362(a)(1): Continuation of enforcement proceedings
- § 362(a)(3): Exercising control over estate property
- § 362(a)(6): Coercive attempt to compel compliance

Requiring the Debtor to navigate an internal compliance or enforcement system constitutes **continued collection and enforcement activity** barred by the automatic stay.

---

### Violation #3 — November 25, 2025 (Demand Email with Financial Threats)

**Actor:** Invitation Homes
**Medium:** Formal "Violation Notice" Email

Invitation Homes issued a demand notice stating, inter alia:

- "You are responsible for fines, fees, or the cost to resolve or cure this violation."
- "Per your lease agreement, you are responsible for any fines, fees, and chargebacks."
- A mandatory **"Respond Now"** directive requiring action.

**Violations:**

- § 362(a)(6): Direct attempt to collect a prepetition debt
- § 362(a)(3): Exercise of control over estate property
- § 362(a)(1): Enforcement of prepetition obligations

This communication constitutes an **explicit demand for payment**, accompanied by **financial threats**, and is the most egregious violation due to its coercive and intimidating nature.

---

### III. ADDITIONAL VIOLATIONS — DECEMBER 3, 2025, EMAIL COMMUNICATIONS

**Violation #4 — December 3, 2025**

**Actor:** Invitation Homes representatives
**Medium:** Direct communications with the Debtor

On December 3, 2025, Invitation Homes **continued direct communications with the Debtor** despite:

- Full knowledge of the active Chapter 7 case
- The pending dispute regarding prior stay violations
- The prohibition on further contact concerning prepetition matters

These communications were **not informational**, but were reasonably calculated to **pressure, intimidate, or influence the Debtor's occupancy and compliance**, and therefore constitute **continued willful violations of the automatic stay** under §§ 362(a)(3) and (a)(6).

Once a creditor is placed on notice of a potential stay violation, **continued contact aggravates liability and supports punitive damages**.

**Violation #5 – December 9, 2025**

- Email regarding Violation Details (subject line)

**Violation #6 – December 10, 2025**

- Official Breach of Lease Email

---

**IV. WILLFULNESS AND AGGRAVATION**

Willfulness under § 362(k) requires only:

1. Knowledge of the bankruptcy, and
2. An intentional act that violates the stay.

Both elements are satisfied here. **Repeated violations**, escalating tone, financial threats, and post-motion communications demonstrate **reckless disregard for the Bankruptcy Code**.

Internal error, misunderstanding, or reliance on automated systems is **not a defense**.

---

**Violation #7 – December 26, 2025**

**VI. IMPROPER THREATENING AND INTIMIDATION REGARDING DISCHARGE**

We understand that IH disagree with this assessment ,but we present it for the record and seek $2000.00 for this violation alone: Invitation Homes, **through its attorney**, further engaged in **blatant intimidation and coercion** by asserting that it would **object to the entirety of Mr. Parker's Chapter 7 discharge** unless he **immediately dismissed his Motion for Sanctions with prejudice**.

This threat was made **outside of any filed pleading**, without legal or factual basis, and for the **sole purpose of chilling the Debtor's exercise of his statutory rights** under the Bankruptcy Code.

Using the threat of a **global discharge objection** as leverage to force withdrawal of a sanctions motion constitutes:

- **Bad-faith litigation conduct**
- **Abuse of the bankruptcy process**
- **Improper coercion of a debtor protected by the automatic stay**
- **Retaliation for asserting rights under 11 U.S.C. § 362(k)**

Courts have consistently held that threatening adverse bankruptcy consequences to extract dismissal of a debtor's lawful motion is **sanctionable misconduct** and supports **punitive damages**.

This intimidation is **separate and independent** from the automatic stay violations outlined above and further demonstrates a **pattern of willful, coercive, and retaliatory conduct** by Invitation Homes and its counsel.

For this conduct as well, **Invitation Homes must be held accountable**.

Nothing in this letter constitutes a waiver of any rights, remedies, or claims, all of which are expressly reserved.

**All security deposits paid in connection with the property must be returned in full**. Invitation Homes must **immediately cease and desist from communicating, reporting, or conveying any eviction status, eviction threat, or eviction-related information** regarding the property to any third party, including but not limited to credit reporting agencies, tenant screening services, internal databases, property management systems, or affiliated entities.

## Summary of Settlement Offer

- Violations #1–6: $1,000 each occurrence — $6,000 total
- Violation #7: $2,000
- Return of Deposit: $2,400

Subtotal: $6,000 (Violations #1–6) + $2,000 (Violation #7) = $8,000 (Violations)

Total Settlement Amount: $8,000 (Violations) + $2,400 (Deposit) = $10,400

Mr. Parker proposes a move-out date of January 30, 2026.

If you agree to these terms, please confirm in writing by January 5, 2026, so we may proceed with filing the Motion to Withdraw Stay Violations.

Sincerely,

Curtis Parker
Debtor, Pro Se