**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Monday, December 29, 2025 5:09 PM |
| **To:** | Matthew Totten |
| **Subject:** | Re: Voice mail to Curtis Parker |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

**External Sender** - From: (Curtis Parker <curtis.parker1776@gmail.com>)
This message came from outside your organization.

Learn More

Good evening Mr. Totten,

After careful review, I accept the counter offer from
your client, Invitation Homes. I have also reviewed the attached document to be filed with the court and am approving.

Thank you for your prompt attention to this matter.

Regards,

Curtis Parker.

On Monday, December 29, 2025, Matthew Totten <mft@tottenfirm.com> wrote:

> FOR PURPOSES OF SETTLEMENT AND COMPROMISE
>
>
> Mr. Parker –
>
>
> Thank you again for breaking out your assertions with particularity to clarify the ask on your settlement offer.
>
>
> My client counteroffers your settlement terms as follows:

1

- The parties shall file a joint notice of dismissal upon an email accepting the instant terms with the bankruptcy court. *See attached to be filed upon acceptance via email, which will be filed by my office*.
- Within seven days of an email accepting the instant terms, Parker shall dismiss with prejudice the pending claims against 2017-1 IH Borrower LP as to any asserted violations of the bankruptcy automatic stay. *See attached, as drafted for your convenience*.
    - In entering this settlement, Parker expressly stipulates that this settlement encompasses all purported violations of the bankruptcy automatic stay by 2017-1 IH Borrower LP, its employees, and its agents
- 2017-1 IH Borrower LP shall account and remit $7,000.00 to Parker and provide evidence of the same to Parker within ten business days of acceptance.
- Parker expressly stipulates that he shall vacate the subject Premises (known as 1149 Autumn Glen Way, Dacula, GA 30019)  on/before January 30, 2026, and that the Premises shall be abandoned as property of the bankruptcy estate upon discharge; this settlement agreement does not constitute a ratification or novation of the lease agreement for the subject Premises.
    - The security deposit for the subject Premises shall be treated in accordance with Georgia law subsequent to Parker vacating the Premises. See O.C.G.A. 44-7-30 – 44-7-37.
- Each party shall bear its own attorneys' fees in this action; to the extent any party may incur attorneys' fees in enforcing this settlement, the prevailing party is entitled to its costs and attorneys' fees in enforcing this settlement.

**Time is of the essence in this settlement offer** – should you fail to accept the foregoing terms via email by 12:00 p.m. EST on 12/30/2025, said offer shall automatically expire by its terms.


Thanks




Matthew F. Totten

*Managing Attorney*

Phone (404) 692-4342     Email mft@tottenfirm.com

Mailing Address 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338

Web http://www.tottenfirm.com




**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution,

copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Monday, December 29, 2025 12:26 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Re: Voice mail to Curtis Parker

Mr. Totten,

As per our communication last week, please see the attached letter which outlines Invitation Homes Stay Violations.

Regards,

Curtis Parker

On Sat, Dec 27, 2025 at 2:15 PM Matthew Totten <mft@tottenfirm.com> wrote:

> Mr. Parker –
>
> Respectfully, there is no coercion or implied undertone, or any other sort of 'condition' expressed.
>
> I requested you specify the asserted bankruptcy violations and their corresponding dates to frame your offer to my client as well as ensure the terms of your offer were clear.
>
> I look forward to hearing back from you regarding the specific terms of your offer #1, as previously requested.

Sincerely,



**Matthew F. Totten**

*Managing Attorney*

**Phone** (404) 692-4342     **Email** mft@tottenfirm.com

**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338

**Web** http://www.tottenfirm.com



**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

---

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Friday, December 26, 2025 3:45 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Re: Voice mail to Curtis Parker

Mr. Totten,

I write in response to your email below.

First, with respect to your request that I immediately dismiss my pending motions with prejudice, that request is rejected. There is no legal or factual basis requiring dismissal of asserted automatic stay violations, particularly where those violations have already occurred and are supported by documentary evidence.

Second, your statement that your client "believes there may be a basis" to object to the entirety of my Chapter 7 discharge under 11 U.S.C. § 727 is concerning and is viewed as retaliatory. The factual circumstances you reference—specifically any alleged Airbnb-related use—have been known to your client for several months, including prior to and during the creditors' meeting. Despite that knowledge, your client took no action, raised no objection, and continued to accept rent payments without issue. The evidence will reflect that your client knowingly acquiesced in the status quo so long as rent was being paid.

Any attempt to now weaponize the impending objection deadline to force dismissal of valid stay-violation claims will be presented to the Court for what it is: an improper and coercive tactic. If your client intends to pursue an objection to discharge, it should be based on good-faith factual and legal grounds—not as leverage to extinguish pending claims arising from its own misconduct.

With respect to your request for specificity, the automatic stay violations consist of repeated post-petition contacts and enforcement actions undertaken after notice of the bankruptcy filing. These violations are documented and will be presented in detail in the appropriate forum. I am under no obligation to condition enforcement of federal bankruptcy protections on withdrawal of those claims with prejudice.

Please ensure that your client has fully disclosed to you all pertinent facts regarding its prior knowledge, its acceptance of rent, and its decision not to act until faced with accountability for stay violations. Should your client proceed with an objection to discharge under these circumstances, that conduct will be addressed accordingly.

This correspondence is written in furtherance of resolution and an equitable settlement of this matter. Please advise what your client proposes to resolve the issues and bring this matter to rest. We are aware of your client's recent settlement with the FTC concerning conduct consistent with that outlined in our motions, and we remain open to an equitable resolution.

Regards,

Curtis Parker

On Fri, Dec 26, 2025 at 1:39 PM Matthew Totten <mft@tottenfirm.com> wrote:

> Mr. Parker -
>
> Can you specify each asserted bankruptcy violations and their corresponding dates to frame your offer #1?
>
> Also, please be advised my client believes there may be a basis for it to object to the entirety of your bankruptcy discharge under 11 USC 727.
>
> Because of the timeline to object to the discharge is very short (12/30), my client believes your motions against my client need to be dismissed with prejudice immediately.

5

If you are able to dismiss with prejudice the asserted automatic stay violations today, the foregoing may all be mooted.

Thanks

Get Outlook for iOS

---

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Friday, December 26, 2025 1:27 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Voice mail to Curtis Parker

| External Sender - From: (Curtis Parker <curtis.parker1776@gmail.com>) | Learn More |
|---|---|
| This message came from outside your organization. | |

Mr. Totten,

I am in receipt of your voicemail regarding the above-referenced matter.

At this time, I prefer that all communications occur in writing. This ensures clarity and avoids any misunderstanding, particularly given that the conduct at issue involves violations of the automatic stay while I was under the protection of Chapter 7 bankruptcy.

As you are aware, direct contact with a debtor during the pendency of a bankruptcy case may constitute a violation of 11 U.S.C. § 362. In an effort to resolve this matter efficiently and without further litigation, I am willing to discuss settlement under the following terms:

**Settlement Options**

1. **Monetary Resolution**
   Invitation Homes may elect to resolve this matter through payment of statutory damages in the amount of **$1,000 per violation of the automatic stay**, along with the **return of my full security deposit**, after which the parties would negotiate an agreed move-out date.

**OR**

2. **Lease Term Resolution**
   Invitation Homes may agree to allow my household to **remain in the property through the end of the existing lease term (April 2026)** with no further interference. In exchange, I would withdraw all pending motions and pleadings related to the stay violations.

If Invitation Homes declines both options, I am prepared to continue litigating this matter and to present all available evidence in the appropriate forums, including evidence of repeated stay violations and any non-compliance with applicable federal agreements and consumer protection obligations.

This correspondence is made for settlement purposes only and is not a waiver of any rights, claims, or remedies available to me under bankruptcy law, federal law, or otherwise.

If your client wishes to discuss resolution, please respond in writing.

Regards,
Curtis Parker