**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Saturday, January 10, 2026 6:19 AM |
| **To:** | Matthew Totten |
| **Subject:** | Re: Voice mail to Curtis Parker |

**External Sender** - From: (Curtis Parker <curtis.parker1776@gmail.com>)
This message came from outside your organization.

Learn More

Mr. Totten and all concerned,
We consider this treachery and will act accordingly, first we will file motions Monday to rescind our Motion to dismiss and seek the evidence hearing as scheduled.

We considered this matter resolved, I will sue your client for any harm I suffer for this emotionally and financially. Additionally email to follow to the local media and FTC.

See you in court
Sent from my iPhone


On Jan 9, 2026, at 9:36 PM, Matthew Totten <mft@tottenfirm.com> wrote:


Mr. Parker –

Thank you for the email – it was a very hectic day today so only am able to circle back now.

Pursuant to the settlement, please see the attached accounting reflecting the application of a $7,000.00 credit to your account. As you can also see within the attached ledger, based on your filing of bankruptcy on 9/29/25, the credit addresses a substantial portion of your post-petition rental obligations which would not otherwise be discharged in the course of bankruptcy. Prior to the credit, the ledger reflects an amount of $13,884.27, of which $2,787.38 being pre-petition and $11,096.89 being post-petition.

Thanks,

<image001.png>

**Matthew F. Totten**
*Managing Attorney*

**Phone** (404) 692-4342    **Email** mft@tottenfirm.com
**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338
**Web** http://www.tottenfirm.com
<image002.png>

**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that

**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Saturday, January 10, 2026 8:14 AM |
| **To:** | Matthew Totten |
| **Subject:** | Re: Voice mail to Curtis Parker |
| **Attachments:** | 1.10.26 Motion to Enforce Settlement.pdf; Email From M. Totten dated 1.2.26.pdf; M. Totten email dated 1.10.26.pdf; 12.29.25 Offer Letter from M. Totten on behalf of Invitation Homes.pdf; 1.10.26 Formal Letter to FTC.pdf; 1.10.26 Letter to the Media regarding Invitation Homes.pdf |

**External Sender** - From: (Curtis Parker
<curtis.parker1776@gmail.com>)
This message came from outside your organization.

Learn More

Mr. Totten,

I am in receipt of your email and the attached ledger.

You and your client's unilateral decision to apply the agreed-upon $7,000.00 settlement payment as a "credit" toward an alleged rental balance constitutes a material breach of the settlement agreement.

There is **nothing in the settlement terms**—express or implied—that authorizes Invitation Homes or 2017-1 IH Borrower LP to apply the settlement funds to any balance, ledger, or accounting. The agreement plainly states that your client "shall account and remit $7,000.00 to Parker" within ten business days. "Remit" does not mean internally offset, recharacterize, or condition payment on disputed accounting entries. You and your client requested the address by which to remit the funds as agreed,

The settlement, read as a whole, gives the clear and reasonable impression that the matter was being **resolved**, not converted into a unilateral accounting maneuver to your client's benefit after acceptance. Any ambiguity would be construed against the drafter—your client.

Critically, I relied on this agreement to my detriment. In good faith compliance with the settlement, I provided a Motion to Dismiss to the Bankruptcy Court after being requested to do so by yourself **before any funds were disbursed**, relinquishing active claims and leverage in reliance on your client's performance. Your client's post-acceptance conduct undermines the very basis of that reliance. I would ask that you review and consider this action as being cause for a Georgia Bar complaint.

We consider this action treacherous and a breach of contract. **As a result, your client's conduct voids the agreed-upon contract unless immediately cured. If not cured before motions are filed the new settlement amount is $25,000**

Unless the $7,000.00 settlement payment is promptly remitted to me as agreed—separate and apart from any internal ledger, offset, or accounting manipulation—I will proceed accordingly. This includes, but is not limited to:

- Seeking relief from the Bankruptcy Court based on breach of settlement and **misrepresentation**;

- Pursuing enforcement and damages for breach of contract; and

- Referring this matter to the Federal Trade Commission, **including requesting that the FTC pursue action on my behalf for breach of this settlement and for your client's conduct in connection with it.**

Please advise immediately how your client intends to cure this breach.

Attached:

- Motion to enforce settlement with (3) email attachments
- Letter to Federal Trade Commission
- Letter to media outlets


Regards,

Curtis Parker

On Fri, Jan 9, 2026 at 9:36 PM Matthew Totten <mft@tottenfirm.com> wrote:

> Mr. Parker –
>
> Thank you for the email – it was a very hectic day today so only am able to circle back now.
>
> Pursuant to the settlement, please see the attached accounting reflecting the application of a $7,000.00 credit to your account. As you can also see within the attached ledger, based on your filing of bankruptcy on 9/29/25, the credit addresses a substantial portion of your post-petition rental obligations which would not otherwise be discharged in the course of bankruptcy. Prior to the credit, the ledger reflects an amount of $13,884.27, of which $2,787.38 being pre-petition and $11,096.89 being post-petition.
>
> Thanks,



**Matthew F. Totten**

*Managing Attorney*

**Phone** (404) 692-4342    **Email** mft@tottenfirm.com

**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338

**Web** http://www.tottenfirm.com



# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

CURTIS PARKER, Debtor.

V.

2017-1 IH Borrower LP's ("IH")

**Chapter 7 Case No. 25-61216-bem**

## MOTION TO ENFORCE SETTLEMENT AGREEMENT, FOR DAMAGES, AND FOR FURTHER RELIEF

## I. INTRODUCTION

Debtor Curtis Parker ("Parker"), proceeding pro se, moves this Court to enforce a binding

settlement agreement entered into with **2017-1 IH Borrower LP** ("Invitation Homes"), and for

damages and further relief. Although Parker fully performed his obligations under the

agreement—including dismissing claims to his detriment—Invitation Homes materially breached

the settlement by unilaterally applying the agreed $7,000.00 settlement payment as an internal

"credit" against a disputed ledger balance rather than remitting payment as expressly required.

## II. UNDISPUTED FACTS

1. On **December 29, 2025**, Invitation Homes—through counsel—made a written settlement
   offer expressly stating that it was **"FOR PURPOSES OF SETTLEMENT AND
   COMPROMISE."**

2. The settlement required Invitation Homes to **"account and remit $7,000.00 to Parker
   within ten business days of acceptance."**

3. The agreement **contains no language** authorizing offsets, credits, ledger applications, or conditional payment.

4. Parker timely **accepted the settlement via email** and fully complied with its terms.

5. In reliance on the settlement, Parker **filed a Motion to Dismiss** pending claims **before any funds were disbursed**, materially changing his legal position to his detriment.

6. On **January 9, 2026**, Invitation Homes' counsel advised that the $7,000.00 was not remitted, but instead **applied internally as a "credit"** toward alleged post-petition rent.

7. This action was taken **unilaterally, without consent, and contrary to the express settlement terms.**

## III. ARGUMENT

### A. A Binding Settlement Exists

A settlement agreement is a binding contract once accepted. Email acceptance satisfies contract formation requirements. No additional conditions precedent existed.

### B. Invitation Homes Materially Breached the Agreement

The term "remit" has a plain and ordinary meaning: to **pay or send** funds to another party.

It does **not** authorize:

- Internal offsets

- Ledger credits

- Conditional accounting maneuvers

Any ambiguity would be construed against Invitation Homes as the drafter.

### C. Parker Detrimentally Relied on the Agreement

Parker dismissed active claims and surrendered leverage in reliance on performance. This satisfies detrimental reliance and estoppel principles.

**D. Remedies Are Warranted**

The Court has inherent authority to:

- Enforce settlements;

- Vacate dismissals procured through non-performance; and

- Award damages caused by breach.

**IV. REQUESTED RELIEF**

Parker respectfully requests that the Court:

1. **Enforce the settlement agreement**;

2. Order Invitation Homes to **immediately remit $7,000.00** directly to Parker;

3. Award **damages** resulting from breach, including costs incurred;

4. Alternatively, **vacate any dismissal** entered in reliance on the settlement;

5. Retain jurisdiction to enforce compliance; and

6. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

January 12, 2026

/s/ Curtis Parker

Pro Se Plaintiff

1149 Autumn Glen Way

Dacula, GA  30019

(770) 369-6521

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing Motion To Dismiss due to Settlement

by way of regular U.S. Mail and Email to the following party of record:

Matthew F. Totten
Email: mft@tottenfirm.com
Georgia Bar No. 798589
The Totten Law Firm, LLC
5579 Chamblee-Dunwoody Road, Suite B-136
Atlanta, Georgia 30338
Attorney of records for Invitation Homes

**On January 12, 2026.**

Curtis Parker
*Pro Se* Plaintiff
1149 Autumn Glen Way
Dacula, GA  30019

Email from M. Totten dated January 2, 2026

On Jan 2, 2026, at 1:19 PM, Matthew Totten <mft@tottenfirm.com> wrote:

Mr. Parker –

Can you please provide your forwarding address?

Thanks

<image001.png>

**Matthew F. Totten**

*Managing Attorney*

Phone (404) 692-4342    Email mft@tottenfirm.com

Mailing Address 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338

Web http://www.tottenfirm.com

Email from Matthew Totten dated January 10, 2026



**Matthew Totten**

Fri, Jan 9,
9:36 PM (9
hours ago)

to me

Mr. Parker –

Thank you for the email – it was a very hectic day today so only am able to circle back now.

Pursuant to the settlement, please see the attached accounting reflecting the application of a $7,000.00 credit to your account. As you can also see within the attached ledger, based on your filing of bankruptcy on 9/29/25, the credit addresses a substantial portion of your post-petition rental obligations which would not otherwise be discharged in the course of bankruptcy. Prior to the credit, the ledger reflects an amount of $13,884.27, of which $2,787.38 being pre-petition and $11,096.89 being post-petition.

Thanks,

**Matthew F. Totten**

***Managing Attorney***

**Phone** (404) 692-4342    **Email** mft@tottenfirm.com

**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338

**Web** http://www.tottenfirm.com

**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this

message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

On Monday, December 29, 2025, Matthew Totten <mft@tottenfirm.com> wrote:

FOR PURPOSES OF SETTLEMENT AND COMPROMISE

Mr. Parker –

Thank you again for breaking out your assertions with particularity to clarify the ask on your settlement offer.

My client counteroffers your settlement terms as follows:

- The parties shall file a joint notice of dismissal upon an email accepting the instant terms with the bankruptcy court. *See attached to be filed upon acceptance via email, which will be filed by my office.*
- Within seven days of an email accepting the instant terms, Parker shall dismiss with prejudice the pending claims against 2017-1 IH Borrower LP as to any asserted violations of the bankruptcy automatic stay. *See attached, as drafted for your convenience.*
  - In entering this settlement, Parker expressly stipulates that this settlement encompasses all purported violations of the bankruptcy automatic stay by 2017-1 IH Borrower LP, its employees, and its agents
- 2017-1 IH Borrower LP shall account and remit $7,000.00 to Parker and provide evidence of the same to Parker within ten business days of acceptance.
- Parker expressly stipulates that he shall vacate the subject Premises (known as 1149 Autumn Glen Way, Dacula, GA 30019) on/before January 30, 2026, and that the Premises shall be abandoned as property of the bankruptcy estate upon discharge; this settlement agreement does not constitute a ratification or novation of the lease agreement for the subject Premises.
  - The security deposit for the subject Premises shall be treated in accordance with Georgia law subsequent to Parker vacating the Premises. See O.C.G.A. 44-7-30 – 44-7-37.
- Each party shall bear its own attorneys' fees in this action; to the extent any party may incur attorneys' fees in enforcing this settlement, the prevailing party is entitled to its costs and attorneys' fees in enforcing this settlement.

**Time is of the essence in this settlement offer** – should you fail to accept the foregoing terms via email by 12:00 p.m. EST on 12/30/2025, said offer shall automatically expire by its terms.

Thanks

<image001.png>

**Matthew F. Totten**
*Managing Attorney*

Phone (404) 692-4342    Email mft@tottenfirm.com
Mailing Address 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta,
GA 30338
Web http://www.tottenfirm.com

**FTC Complaint – Breach of Settlement & Deceptive Practices**

Federal Trade Commission
Submission via email: https://reportfraud.ftc.gov/
Office of the Secretary
600 Pennsylvania Avenue, NW
Washington, DC 20580

**Complaint Against Invitation Homes / 2017-1 IH Borrower LP**

**I. COMPLAINANT**

Curtis Parker
1149 Autumn Glen Way
Dacula, GA  30019

(770) 369-6521

---

**II. RESPONDENT**

Invitation Homes, Inc.
2017-1 IH Borrower LP
And their agents, employees, and attorneys

---

**III. SUMMARY OF COMPLAINT**

This complaint concerns **deceptive settlement practices, unfair contract manipulation, and post-bankruptcy coercive conduct** by Invitation Homes. After offering and securing acceptance of a settlement resolving alleged violations of the bankruptcy automatic stay, Invitation Homes deliberately failed to honor the payment terms and instead recharacterized settlement funds as an internal ledger "credit" to extinguish disputed obligations.

**IV. FACTUAL BACKGROUND**

1. Invitation Homes was accused of **violating the automatic stay** under federal bankruptcy law.

2. To resolve those violations, Invitation Homes offered a **cash settlement of $7,000.00**, explicitly conditioned on dismissal of claims.

3. The settlement was accepted, and the complainant **performed fully**, including dismissing claims.

4. Only after securing dismissal did Invitation Homes:

- o Refuse to remit payment; and

- o Apply the settlement amount to an alleged rental balance not referenced in the agreement.

5. This conduct effectively **converted a settlement payment into a debt-collection offset**, without disclosure or consent.


## V. UNFAIR AND DECEPTIVE PRACTICES

Invitation Homes' conduct constitutes:

- **Deceptive acts or practices** under Section 5 of the FTC Act.

- **Unfair settlement manipulation**, depriving consumers of bargained-for consideration.

- **Post-bankruptcy coercion**, leveraging dismissal to impose unilateral terms.

- Conduct consistent with patterns previously identified in FTC enforcement actions involving Invitation Homes.


## VI. CONSUMER HARM

The complainant suffered:

- Loss of settlement consideration.

- Legal prejudice due to dismissal reliance.

- Coercive pressure tied to housing instability.

- Financial and procedural harm caused by deceptive conduct.


## VII. REQUESTED FTC ACTION

The complainant respectfully requests that the FTC:

1. Investigate Invitation Homes' settlement and accounting practices.

2. Pursue enforcement for deceptive and unfair conduct.

3. Seek restitution and damages on behalf of the complainant.

4. Impose injunctive relief preventing similar conduct against other consumers.

Regards,

Curtis Parker

January 10, 2026

Editorial Desk,

I am writing to bring to your attention ongoing practices by **Invitation Homes** that raise serious consumer protection concerns, particularly in the context of settlements and bankruptcy-related disputes.

In late December 2025, Invitation Homes—through counsel—offered a written settlement to resolve alleged violations of the federal bankruptcy automatic stay. The settlement expressly required the company to **remit a cash payment** within a specified time frame in exchange for dismissal of claims. I accepted the offer and relied on it to my detriment by filing a dismissal with the bankruptcy court before any funds were disbursed.

After securing dismissal, Invitation Homes did not remit the settlement payment. Instead, the company unilaterally recharacterized the agreed settlement amount as an internal "credit" against a disputed rental ledger—terms that were never disclosed, negotiated, or included in the settlement agreement. This maneuver effectively converted a settlement payment into a post-hoc accounting offset.

The concern here extends beyond a single dispute. This practice—offering settlement to induce dismissal and then altering performance after acceptance—undermines the integrity of settlement agreements, particularly where consumers are vulnerable due to housing instability or bankruptcy proceedings. It raises broader questions about whether similar practices are being used against other tenants or consumers who lack the resources to challenge them.

I believe this issue is newsworthy because it implicates:

- The enforceability and good-faith execution of settlement agreements;

- Post-bankruptcy conduct affecting consumers' housing security; and

- Whether large institutional landlords are using accounting mechanisms to avoid paying agreed settlements after claims are withdrawn.

I am prepared to provide documentation, including the written settlement offer, acceptance, court filings made in reliance, and subsequent communications evidencing the recharacterization of funds.

Thank you for your consideration. I believe public scrutiny of these practices is in the public interest.

Sincerely,
Curtis Parker

**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Saturday, January 10, 2026 1:31 PM |
| **To:** | Matthew Totten |
| **Subject:** | Re: Voice mail to Curtis Parker |

**External Sender** - From: (Curtis Parker
<curtis.parker1776@gmail.com>)
This message came from outside your organization.

Learn More

Mr. Totten,

I acknowledge receipt of your January 10, 2026 email.

Your message does not cure your client's material breach of the settlement agreement and, instead, introduces additional misstatements of law, mischaracterizations of the contract, and improper threats.

**1. "Account and remit" means payment, not internal offset**

Your attempt to redefine "account and remit" to mean a unilateral ledger credit is contrary to both ordinary contract law and the plain meaning of the settlement. "Remit" means to **pay, send, or deliver funds**. Transmitting a statement showing an internal credit is not remittance. No reasonable contracting party would interpret "remit $7,000.00 to Parker" to mean "apply the amount against an internal balance."

If your client intended an offset, that term had to be expressly stated. It was not. Silence on offsets bars them.

**2. Your client induced performance, then changed the deal**

I relied on the settlement by dismissing claims and surrendering litigation leverage **before any funds were paid**. Your client then unilaterally altered how it would perform. That constitutes material breach and equitable estoppel. The law does not permit a party to secure dismissal and then substitute a different form of performance after the fact.

**3. Post-petition rent and HOA issues are irrelevant**

Your attempt to introduce allegations about Airbnb activity, HOA fines, or lease compliance is legally improper and irrelevant to settlement performance. Those issues were not included as conditions, offsets, or carve-outs in the settlement. A party cannot retroactively rewrite a settlement by appending unrelated allegations after acceptance.

**4. Your defamation and abuse-of-process threats are improper**

Your email threatens me with defamation liability and "malicious abuse of process" for asserting breach of contract and regulatory complaints. That is not advocacy — it is an attempt to intimidate a pro se litigant from enforcing a written agreement.

Reporting suspected unfair or deceptive practices to regulators and seeking judicial enforcement of a settlement are **absolutely privileged activities** under federal and Georgia law. Threatening defamation claims for protected petitioning activity itself constitutes potential attorney misconduct.

**5. Your "anticipatory breach" theory is legally baseless**

Exercising contractual rights to enforce a settlement does not constitute anticipatory breach. Attempting to characterize lawful enforcement as a default is coercive and unsupported by law.

**6. Your client remains in breach**

The settlement requires your client to **remit $7,000.00 to Parker**. That has not occurred. A ledger entry is not payment. Until funds are transmitted to me, your client is not in compliance.

---

**Demand to Cure**

To avoid court and regulatory intervention, your client must, no later than 5:00 pm today** January 10, 2026**, transmit the $7,000.00 settlement payment to me in cash or equivalent (check, ACH, or wire), independent of any ledger or accounting offsets.

Absent timely cure, I will proceed with:

- A motion to enforce the settlement and vacate any dismissal entered in reliance on it;

- Claims for breach and damages; and

- Regulatory and court filings reflecting your client's conduct and your correspondence.

This email preserves all rights and remedies.


Curtis Parker


On Sat, Jan 10, 2026 at 11:19 AM Matthew Totten <mft@tottenfirm.com> wrote:

Mr. Parker –


Your statements and recitation in the below email are baseless and unfounded – resultingly, any of your threatened action would be defamatory and malicious abuse of process, at a minimum.


Particularly, within the settlement terms it was agreed that my client would "account and remit" a certain amount. An "accounting" is defined as a "statement by which someone seeks to describe or explain an event", including a "detailed statement of the debits and credits between parties to a contract." ACCOUNT, Black's Law Dictionary (12th ed. 2024). My client has accomplished exactly that in crediting the ledger provided as to post-petition sums accruing due to your continued occupancy of the subject real property in the agreed amount. My client similarly timely remitted – transmitted, as defined within Black's Law – the statement applying the agreed upon sum to you, as you acknowledge in your threatening email. There unequivocally is no ambiguity here.

**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Saturday, January 10, 2026 1:33 PM |
| **To:** | Matthew Totten |
| **Subject:** | Formal Complaint of Attorney Misconduct |
| **Attachments:** | 1.12.26 Formal Complain to Georgia Bar Association.pdf |

**External Sender** - From: (Curtis Parker
<curtis.parker1776@gmail.com>)
This message came from outside your organization.                                    Learn More

Mr. Totten,

Please see attached which will be filed with Georgia Bar on Monday.

Governing Accordingly,

Curtis Parker

## STATE BAR OF GEORGIA — FORMAL COMPLAINT

**Complainant Information**

Name: Curtis Parker
Address: 1149 Autumn Glen Way
City/State/Zip: Dacula, GA 30019
Phone: (770) 369-6521
Email: curtis.parker1776@gmail.com

---

**Attorney of Complaint**

Name: Matthew F. Totten
Law Firm: Totten Law Firm
Address: 5579 Chamblee-Dunwoody Rd., Ste B-136
City/State/Zip: Atlanta, GA 30338
Phone: (404) 692-4342
Email: mft@tottenfirm.com

**Georgia Bar No. 798589**


**Nature of Legal Matter**

Bankruptcy litigation, threats and settlement enforcement relating to violations of the federal
automatic stay by Invitation Homes / 2017-1 IH Borrower LP.

**Summary of Complaint**

Matthew Totten engaged in **misrepresentation, coercion, and intimidation** in connection with a
binding settlement agreement resolving bankruptcy stay violations. After inducing dismissal of
claims through a written settlement promising to "account and remit $7,000.00," his client refused
to pay and instead applied an internal ledger credit. Mr. Totten then threatened me with defamation,
abuse of process, attorney's fees, and eviction for attempting to enforce the agreement and for
reporting the conduct to regulators.

**Detailed Statement of Facts**

1. On **December 29, 2025**, Mr. Totten sent a written settlement offer stating that his client,
   2017-1 IH Borrower LP, would **"account and remit $7,000.00 to Parker"** within ten
   business days in exchange for dismissal of claims for bankruptcy automatic stay violations.

2. I accepted the settlement and complied by submitting a motion to dismiss my claims with
   the Bankruptcy Court.

3. On **January 9, 2026**, instead of sending payment, Mr. Totten sent a ledger showing the $7,000.00 applied as a credit against alleged rent.

4. No part of the settlement authorized any offset, credit, or accounting maneuver in lieu of payment.

5. On **January 10, 2026**, Mr. Totten sent an email claiming that transmitting a ledger constituted "remittance" and asserting that I would be committing **defamation** and **malicious abuse of process** if I pursued court enforcement or contacted regulators.

6. He further threatened:

    o To treat court enforcement as an **anticipatory breach**;

    o To seek attorney's fees and eviction against me for asserting my rights.

7. These statements are legally false. Enforcing a settlement and reporting misconduct are protected activities. Mr. Totten's threats were designed to intimidate me, a pro se litigant, into abandoning enforcement of a binding contract.

---

**Rules Violated**

Mr. Totten's conduct violates:

- **Rule 3.1** — Frivolous legal positions

- **Rule 4.1** — False statements of law and fact

- **Rule 4.4(a)** — Using means to harass, intimidate, or burden

- **Rule 8.4(a), (c), (d)** — Dishonesty, misrepresentation, and conduct prejudicial to justice

Threatening defamation and abuse-of-process claims to suppress lawful court filings and regulatory complaints is unethical and coercive.

---

**Harm Caused**

Mr. Totten's conduct:

- Prevented payment of a settlement;

- Attempted to block court enforcement;

- Attempted to deter regulatory reporting;

- Placed me under improper legal threat as a bankruptcy debtor and tenant.

---

**Relief Requested**

I respectfully request that the State Bar of Georgia:

- Thoroughly Investigate Mr. Totten's conduct in this case and all related Invitation Homes cases;

- Impose appropriate discipline; and

- Review whether his firm engages in similar coercive settlement practices.

---

**Signature**

Curtis Parker
(770) 369-6521

## Matthew Totten

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Thursday, January 15, 2026 7:06 PM |
| **To:** | Matthew Totten |
| **Subject:** | Fwd: Receipt of Grievance |
| **Attachments:** | 1_GA Bar Association Complaint.pdf; Motion to Enforce Settlement Agreement.pdf |

**External Sender** - From: (Curtis Parker <curtis.parker1776@gmail.com>)
This message came from outside your organization.

Learn More

The following was submitted on behalf of Curtis Parker, Pro Se Plantiff.

Regards.

 Emergency Motion for Temporary Restraining Order.pdf

---------- Forwarded message ---------
From: **OGC** <OGC@gabar.org>
Date: Thu, Jan 15, 2026 at 7:02 PM
Subject: Receipt of Grievance
To: Curtis Parker <Curtis.Parker1776@gmail.com>

The State Bar of Georgia is in receipt of your grievance submitted via our online portal. Your grievance will be placed in line for review. Please be aware that it may take several weeks for the initial review to be completed depending on the number of grievances we have received. Please do not make multiple or duplicate submissions as this will delay processing.

**Please do not reply to this email. This email address is not monitored.**