**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CURTIS PARKER, Debtor.

V.

2017-1 IH Borrower LP's ("IH")

**Chapter 7 Case No. 25-61216-bem**

**MOVANT'S REPLY IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AND
FOR INJUNCTIVE RELIEF**

Movant Curtis Parker submits this Reply to Respondent's Response (Doc. 39) and states as

follows:

**I. RESPONDENT ADMITS A BINDING SETTLEMENT EXISTS — BUT
MISREPRESENTS PERFORMANCE**

Respondent expressly **joins Movant's request to enforce the settlement** while simultaneously

claiming full performance. This contradiction is fatal.

The settlement required Respondent to:

"account and remit $7,000.00 to Parker"

Respondent did not transmit funds. Instead, it created an **internal ledger credit**.

**A ledger entry is not remittance.**

Respondent selectively defines "account" while ignoring "remit." Black's Law Dictionary

defines *remit* as **to send, transmit, or pay money** — not internal bookkeeping.

Respondent's position would allow any debtor-creditor settlement to be "paid" without money changing hands. That is not contract performance.

## II. RESPONDENT'S "OFFSET THEORY" IS NOT IN THE CONTRACT

Respondent argues it could apply settlement funds against alleged post-petition rent obligations. This fails for three reasons:

1. **The settlement contains no offset clause.**

2. **Offsets must be expressly bargained for.**

3. Respondent drafted the settlement — ambiguities are construed **against the drafter**.

Respondent cannot rewrite the contract after acceptance.

## III. RESPONDENT'S EVICTION LETTER AND SETTLEMENT OFFER WERE ISSUED THE SAME DAY

Respondent admits it sent a **Termination of Lease and Demand for Possession letter dated December 29, 2025** — the same day it offered settlement granting occupancy through January 30, 2026.

These documents cannot coexist.

This establishes:

• bad faith negotiation

• fraudulent inducement

• unclean hands

• coercive leverage tactics

A party cannot promise possession while simultaneously terminating the lease.

## IV. RESPONDENT'S "POSSESSION ARGUMENT" IS MISLEADING

Respondent claims the settlement did not grant possession rights because the clause states Movant "stipulates" to vacate by January 30 .

That argument is legally defective.

A stipulation to vacate **on or before a date** necessarily implies lawful possession until that date. Otherwise the clause is meaningless.

Courts interpret contracts to avoid rendering terms superfluous.

## V. RESPONDENT'S ATTACKS ON DEBTOR'S BANKRUPTCY FILINGS ARE IRRELEVANT

Respondent devotes extensive briefing to alleged petition defects, Airbnb activity, and income disclosures.

None of those issues excuse:

• breach of settlement

• misrepresentation of payment

• contradictory eviction conduct

Settlement enforcement is governed by contract law — not collateral bankruptcy disputes.

## VI. RESPONDENT'S "COERCION DENIAL" IS CONTRADICTED BY ITS OWN EMAILS

Respondent claims no coercion occurred while admitting counsel told Movant:

objections to discharge would be filed unless claims were dismissed immediately .

Using statutory deadlines to force claim abandonment is coercive by definition.

## VII. RESPONDENT IS NOT THE "PREVAILING PARTY" AND IS NOT ENTITLED TO FEES

Respondent requests attorney's fees while in material breach .

A breaching party cannot be the prevailing party in enforcement litigation.

Fee shifting applies only after successful enforcement — not while refusing payment.

## VIII. RESPONDENT ADMITS INTENT TO ALTER POSSESSION ACCESS

Respondent admits discussing **lockbox installation** prior to court resolution .

This signals attempted self-help possession interference — precisely why emergency injunctive relief is warranted.

## IX. RELIEF REQUESTED

Movant respectfully requests the Court:

1. **Enforce settlement payment obligation**

2. **Order immediate remittance of $7,000.00**

3. **Enjoin eviction and possession interference until January 30, 2026**

4. **Declare December 29 termination notice void**

5. **Deny Respondent's attorney fee request**

6. **Grant sanctions for bad faith conduct**

Respectfully submitted,

Curtis Parker
Movant, Pro Se
1149 Autumn Glen Way
Dacula, GA 30019
(770) 369-6521

Date: January 16, 2026

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing Motion To Dismiss due to Settlement

by way of Email to the following party of record:

Matthew F. Totten
Email: mft@tottenfirm.com
Georgia Bar No. 798589
The Totten Law Firm, LLC
5579 Chamblee-Dunwoody Road, Suite B-136
Atlanta, Georgia 30338
Attorney of records for Invitation Homes

**On January 16, 2026.**

Curtis Parker

*Pro Se* Plaintiff

1149 Autumn Glen Way

Dacula, GA  30019