

**IT IS ORDERED as set forth below:**

**Date: January 21, 2026**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| CURTIS PARKER, | CASE NO. 25-61216-BEM |
| Debtor. | CHAPTER 7 |
| CURTIS PARKER, | |
| Movant, | |
| v. | Contested Matter |
| 2017-1 IH BORROWER LP, | |
| Respondent. | |

## O R D E R

Debtor's *Motion to Enforce Settlement Agreement, Vacate Dismissal, for Damages, and for Sanctions* [Doc. 35] and Debtor's *Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Enforcement of Settlement* [Doc. 36] (together, the "Motion to Enforce") came before the Court for an evidentiary hearing on January 20, 2026. Debtor appeared

pro se, and Matthew Totten appeared for Respondent. Debtor presented his own testimony. Respondent relied on multiple exhibits but did not tender the exhibits into evidence. For the reasons announced on the record and as supplemented herein, the Court (1) will deny the Motion to Enforce, (2) will vacate the order entered on January 9, 2026 [Doc. 33], and (3) will reschedule the evidentiary hearing on Debtor's *Amended Motion for Sanctions and Request for Rent Waiver for Violation of the Automatic Stay* [Doc 21], Debtor's *Amended Motion for Additional Sanctions Against Invitation Homes for Willful Violation of the Automatic Stay* [Doc. 22], and *Debtor's Amended Motion for Sanctions for Willful Violation of the Automatic Stay* (together, the "Motion for Sanctions") [Doc. 23].

Respondent is Debtor's landlord under a lease for residential real property at 1149 Autumn Glen Way, Dacula, Georgia. Debtor filed the Motion for Sanctions against Respondent alleging violations of the automatic stay, and it was set for an evidentiary hearing on March 31, 2026. On December 29, 2025, Respondent filed a Notice of Settlement of the Motion for Sanctions [Doc. 30], and on January 6, 2026, Debtor filed a Motion to Dismiss Based on Settlement [Doc. 32]. On January 9, 2026, the Court entered an order granting Debtor's Motion to Dismiss Based on Settlement, dismissing the Motion for Sanctions with prejudice, and cancelling the March 31, 2026 evidentiary hearing. On January 12, 2026, Debtor filed the Motion to Enforce, claiming that Respondent breached the settlement agreement on the Motion for Sanctions.

The parties agree that they entered into a settlement agreement on the Motion for Sanctions, and that the terms of the agreement include the following provision: "2017-1 IH Borrower LP shall account and remit $7,000.00 to Parker and provide evidence of the same to Parker within ten business days of acceptance." The parties further agree that Respondent credited Debtor's lease account for $7,000 and did not pay $7,000 to Debtor. At issue is whether

2

Respondent complied with the settlement agreement and more specifically, whether Respondent did "remit" $7,000 to Debtor by a credit to his account.

A contract is not enforceable until the parties have consented to all essential terms. O.C.G.A. § 13-3-1; *TranSouth Fin. Corp. v. Rooks*, 269 Ga. App. 321, 323, 604 S.E.2d 562, 564 (2004). To interpret a contract, the court must determine the intent of the parties. *Graham v. HHC St. Simons, Inc.*, 322 Ga. App. 693, 695, 746 S.E.2d 157, 160 (2013) (citations omitted). When the language of a contract is clear and unambiguous, the Court enforces it according to its clear terms. *Samdperil v. Watson*, 359 Ga. App. 129, 131, 856 S.E.2d 768, 770 (2021). When the language is ambiguous, the Court applies the statutory rules of contract interpretation to determine the parties' intent. *Cahill v. United States*, 303 Ga. 148, 150, 810 S.E.2d 480, 482 (2018); O.C.G.A. § 13-2-2.

Here, the Court finds that the meaning of Respondent's obligation to "account and remit" $7,000 to Debtor is ambiguous. Based on the evidence, the parties did not have a meeting of the minds as to Respondent's obligation. Therefore, the settlement agreement is not an enforceable contract. Accordingly, it is

ORDERED that the Motion to Enforce [Docs. 35, 36] is DENIED; it is further

ORDERED that Court's order of January 9, 2026 [Doc. 33] is VACATED; it is further

ORDERED that the Court will reschedule an evidentiary hearing on the Motion for Sanctions [Docs. 21, 22, 23] by separate order.

**END OF ORDER**

**Distribution List**

Curtis Parker
1149 Autumn Glen Way
Dacula, GA 30019

Kyle A. Cooper
Kyle A. Cooper Trustee
120 Travertine Trl
Alpharetta, GA 30022

Matthew Franklin Totten
The Totten Firm, LLC
5579 Chamblee Dunwoody Rd
Ste B-136
Atlanta, GA 30338