**IT IS ORDERED as set forth below:**

**Date: January 21, 2026**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | |
| CURTIS PARKER, | CASE NO. 25-61216-BEM |
| Debtor. | CHAPTER 7 |
| CURTIS PARKER, | |
| Movant, | |
| v. | Contested Matter |
| 2017-1 IH BORROWER LP, | |
| Respondent. | |

**O R D E R**

Debtor's *Motion to Enforce Settlement Agreement, Vacate Dismissal, for Damages, and for Sanctions* [Doc. 35] and Debtor's *Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Enforcement of Settlement* [Doc. 36] (together, the "Motion to Enforce") came before the Court for an evidentiary hearing on January 20, 2026. Debtor appeared

pro se, and Matthew Totten appeared for Respondent. Debtor presented his own testimony. Respondent relied on multiple exhibits but did not tender the exhibits into evidence. For the reasons announced on the record and as supplemented herein, the Court (1) will deny the Motion to Enforce, (2) will vacate the order entered on January 9, 2026 [Doc. 33], and (3) will reschedule the evidentiary hearing on Debtor's *Amended Motion for Sanctions and Request for Rent Waiver for Violation of the Automatic Stay* [Doc 21], Debtor's *Amended Motion for Additional Sanctions Against Invitation Homes for Willful Violation of the Automatic Stay* [Doc. 22], and *Debtor's Amended Motion for Sanctions for Willful Violation of the Automatic Stay* (together, the "Motion for Sanctions") [Doc. 23].

Respondent is Debtor's landlord under a lease for residential real property at 1149 Autumn Glen Way, Dacula, Georgia. Debtor filed the Motion for Sanctions against Respondent alleging violations of the automatic stay, and it was set for an evidentiary hearing on March 31, 2026. On December 29, 2025, Respondent filed a Notice of Settlement of the Motion for Sanctions [Doc. 30], and on January 6, 2026, Debtor filed a Motion to Dismiss Based on Settlement [Doc. 32]. On January 9, 2026, the Court entered an order granting Debtor's Motion to Dismiss Based on Settlement, dismissing the Motion for Sanctions with prejudice, and cancelling the March 31, 2026 evidentiary hearing. On January 12, 2026, Debtor filed the Motion to Enforce, claiming that Respondent breached the settlement agreement on the Motion for Sanctions.

The parties agree that they entered into a settlement agreement on the Motion for Sanctions, and that the terms of the agreement include the following provision: "2017-1 IH Borrower LP shall account and remit $7,000.00 to Parker and provide evidence of the same to Parker within ten business days of acceptance." The parties further agree that Respondent credited Debtor's lease account for $7,000 and did not pay $7,000 to Debtor. At issue is whether

2

Respondent complied with the settlement agreement and more specifically, whether Respondent did "remit" $7,000 to Debtor by a credit to his account.

A contract is not enforceable until the parties have consented to all essential terms. O.C.G.A. § 13-3-1; *TranSouth Fin. Corp. v. Rooks*, 269 Ga. App. 321, 323, 604 S.E.2d 562, 564 (2004). To interpret a contract, the court must determine the intent of the parties. *Graham v. HHC St. Simons, Inc.*, 322 Ga. App. 693, 695, 746 S.E.2d 157, 160 (2013) (citations omitted). When the language of a contract is clear and unambiguous, the Court enforces it according to its clear terms. *Samdperil v. Watson*, 359 Ga. App. 129, 131, 856 S.E.2d 768, 770 (2021). When the language is ambiguous, the Court applies the statutory rules of contract interpretation to determine the parties' intent. *Cahill v. United States*, 303 Ga. 148, 150, 810 S.E.2d 480, 482 (2018); O.C.G.A. § 13-2-2.

Here, the Court finds that the meaning of Respondent's obligation to "account and remit" $7,000 to Debtor is ambiguous. Based on the evidence, the parties did not have a meeting of the minds as to Respondent's obligation. Therefore, the settlement agreement is not an enforceable contract. Accordingly, it is

ORDERED that the Motion to Enforce [Docs. 35, 36] is DENIED; it is further

ORDERED that Court's order of January 9, 2026 [Doc. 33] is VACATED; it is further

ORDERED that the Court will reschedule an evidentiary hearing on the Motion for Sanctions [Docs. 21, 22, 23] by separate order.

**END OF ORDER**

## Distribution List

Curtis Parker
1149 Autumn Glen Way
Dacula, GA 30019

Kyle A. Cooper
Kyle A. Cooper Trustee
120 Travertine Trl
Alpharetta, GA 30022

Matthew Franklin Totten
The Totten Firm, LLC
5579 Chamblee Dunwoody Rd
Ste B-136
Atlanta, GA 30338

United States Bankruptcy Court

Northern District of Georgia

| | |
|---|---|
| In re: | Case No. 25-61216-bem |
| Curtis Parker | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 113E-9 | User: bncadmin | Page 1 of 1 |
| Date Rcvd: Jan 21, 2026 | Form ID: pdf454 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

\#          Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 23, 2026:**

**Recip ID            Recipient Name and Address**
db                #+ Curtis Parker, 1149 Autumn Glen Way, Dacula, GA 30019-4842

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 23, 2026            Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 21, 2026 at the address(es) listed below:**

**Name**                          **Email Address**

Kyle A. Cooper
                                  kylecoopertrustee@gmail.com  ecf.alert+Cooper@titlexi.com

Matthew Franklin Totten
                                  on behalf of Creditor 2017-1 IH Borrower LP mft@tottenfirm.com  jet@tottenfirm.com,mtots@recap.email

Office of the United States Trustee
                                  ustpregion21.at.ecf@usdoj.gov

TOTAL: 3