**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>CURTIS PARKER,<br><br>Debtor.<br><br>CURTIS PARKER,<br><br>Movant,<br><br>v.<br><br>2017-1 IH Borrower, LP,<br><br>Respondent. | CIVIL ACTION FILE NO. 25-61216-BEM<br><br>Chapter 7<br><br>Contested Matter |

**NOTICE OF APPEAL TO U.S. DISTRICT COURT, N.D. Ga.**

COMES NOW 2017-1 IH Borrower, LP (hereinafter "Respondent"), by and through its undersigned counsel, and herein files this Notice of Appeal pursuant to 28 U.S.C. § 158(a)(1), Fed. R. Bankr.P. 9024, and Fed.R.Civ.P. 60(b) of this Court's January 21, 2026, order (Doc. 43) (hereinafter, "Order"), wherein this Court denied the relief sought by Movant, as sought under Fed.R.Civ.P. 60(b) for relief under the terms of the settlement agreement, as well as the intertwined response and Motion to Enforce Settlement filed by Respondent (Doc. 39).

Additionally, the Order vacated the final order (Doc. 33) ("Final Order") which fully and finally resolving Debtor's asserted claims relating to purported violations of the automatic stay (Doc. 11, 15, 17, 21, 22, 23). In tandem with the appeal of the Order, Respondent additionally appeals the associated scheduling order (Doc. 44) ("Scheduling Order") which sets forth a timeline for additional hearings by the Bankruptcy Court in light of the improperly vacated Final Order. A true and correct copy of the Order, as well as the vacated Final Order and Scheduling Order, are attached and incorporated herein respectively as **Exhibit A** (Order), **Exhibit B** (Final Order), and

**Exhibit C** (Scheduling Order). <u>In the alternative</u>, the vacatur of the Final Order and entry of the Scheduling Order are properly reviewed by the District Court pursuant to 28 U.S.C. § 158(a)(2) and the codified Collateral Order Doctrine set forth in 28 U.S.C.A. § 1292(b), as further briefed herein.

<u>INTRODUCTION</u>

Respondent files the instant Notice as it relates to the Order entered by the Bankruptcy Court denying the relief sought by Debtor as to the Final Order, with this Court instead electing to sua sponte vacate the Final Order via the Order and further implementing the Order by way of the Scheduling Order; notably in the alternative, the Final Order resolved all claims within the pending bankruptcy proceeding of Debtor as it related to Respondent, which solely related to purported violations of the automatic stay under 11 U.S.C.A. §§ 362(a),(k).

Contemporaneous to this filing, Respondent also intends to file a Motion with the Bankruptcy Court pursuant to Fed. R. Bankr. P. 8007(a)(1) to stay the Order and Scheduling Order pending resolution of the instant appeal with the District Court.

<u>PROCEDURAL BACKGROUND & MATERIAL FACTS</u>

Debtor filed its underlying Bankruptcy Petition on September 29, 2025; within the Petition, Debtor failed to identify the unexpired lease for certain real property known as 1149 Autumn Glen Way, Dacula, Georgia 30019 (the "Property") or identify Respondent as a creditor. *See generally* Petition, Doc. 1. Respondent was only notified of this Action on October 22, 2025, when Respondent was alerted of this action after Debtor contacted undersigned counsel.

Immediately thereafter, on October 23, 2025, Respondent filed its motion for relief from the automatic stay, identifying Debtor's delinquent then-total of $5,508.29, inclusive of Debtor's post-petition failure to pay October rent of $2408 per month, plus utilities as incurred and fees

- 2 -

under the provisions of the lease for the Property. Doc. 9, Sec. 4-5. In light of Debtor's failure to assume, reject, or cure the monetary default as to the lease for the Property, the Bankruptcy Court entered an order granting the relief sought by Respondent on December 9, 2025. Doc. 20. Debtor admitted in filings within the Bankruptcy Proceeding that he continues to occupy the Property and intends to do so through at least January 30, 2026, with post-petition rent continuing to accrue at a rate of $2408 per month, plus utilities as incurred and fees under the provisions of the lease for the Property. *See e.g.* Doc. 9, Doc. 37.

Prior to the application of the settlement amount as agreed upon between the parties, as of January 1, 2026, Debtor was obligated (prior to any contemplated discharge) to Respondent in the sum total of $13,769.27, with $2,787.38 being pre-petition obligations and $10,981.89 being post-petition obligations. *See* Doc. 39-A - January 1, 2026, ledger of sums owing by Debtor to Respondent as to the Property.

Despite concerns ancillary to this Motion surrounding Debtor's candor within the Bankruptcy Proceeding as to the Property and its admitted use by Debtor as an undisclosed source of ongoing business income - which raised colorable bases for the Bankruptcy Court and/or the Trustee to object to discharge pursuant to 11 U.S.C. § 727 - Respondent attempted settlement discussions with Debtor to minimize ongoing costs and resolve the claims with finality.

In light of the general nature of pro se parties, on December 26, 2025, and again on December 27, 2025, counsel for Respondent requested specified asserted automatic stay violations and associated dates from Debtor to facilitate settlement discussions; on December 29, 2025, Debtor responded with an itemized list of purported automatic stay violations. *See* Doc. 39-E - December 29, 2025, email chain, with attachment from Debtor.

- 3 -

Subsequent to undersigned counsel conferring with his client, on December 29, 2025, Respondent presented a settlement offer to Debtor as restated fully herein:

- The parties shall file a joint notice of dismissal upon an email accepting the instant terms with the bankruptcy court. *See attached to be filed upon acceptance via email, which will be filed by my office.*

- Within seven days of an email accepting the instant terms, Parker shall dismiss with prejudice the pending claims against 2017-1 IH Borrower LP as to any asserted violations of the bankruptcy automatic stay. *See attached, as drafted for your convenience.*

    - In entering this settlement, Parker expressly stipulates that this settlement encompasses all purported violations of the bankruptcy automatic stay by 2017-1 IH Borrower LP, its employees, and its agents

- 2017-1 IH Borrower LP shall account and remit $7,000.00 to Parker and provide evidence of the same to Parker within ten business days of acceptance.

- Parker expressly stipulates that he shall vacate the subject Premises (known as 1149 Autumn Glen Way, Dacula, GA 30019) on/before January 30, 2026, and that the Premises shall be abandoned as property of the bankruptcy estate upon discharge; this settlement agreement does not constitute a ratification or novation of the lease agreement for the subject Premises.

    - The security deposit for the subject Premises shall be treated in accordance with Georgia law subsequent to Parker vacating the Premises. See O.C.G.A. 44-7-30 – 44-7-37.

- Each party shall bear its own attorneys' fees in this action; to the extent any party may incur attorneys' fees in enforcing this settlement, the prevailing party is entitled to its costs and attorneys' fees in enforcing this settlement.

**Time is of the essence in this settlement offer** – should you fail to accept the foregoing terms via email by 12:00 p.m. EST on 12/30/2025, said offer shall automatically expire by its terms.

*See* Doc. 39-F - December 29, 2025, Respondent Email and Exhibits to Debtor.

On December 29, 2025, Debtor unconditionally accepted the terms of the foregoing offer from Respondent to fully settle all purported violations of the bankruptcy automatic stay by Respondent, its employees, and its agents. *See* December 29, 2025, Debtor Email to Respondent. Doc. 39-G.

The terms of the settlement required Respondent to "***account and remit*** $7,000.00 to Parker and provide evidence of the same to Parker within ten business days of acceptance." Id. (*emphasis added*). Id. Conspicuously, in lieu of any payment vehicle (e.g. wiring information, mailing address, etc.), the settlement agreement solely contemplated "provid[ing] evidence of the [accounting and remittance] to Parker…" Id.

On December 29, 2025, counsel for Respondent, pursuant to the terms of the settlement, filed the joint notice of settlement with the Bankruptcy Court as contemplated therein. *See* Doc. 30. On January 6, 2026, or one day beyond the timeline contemplated within the settlement agreement, Debtor filed his request with the Bankruptcy Court to dismiss the claims against Respondent as to any asserted automatic stay violations with prejudice, which was made an order by this Court on January 9, 2026. *See* Exhibit B.

- 5 -

On January 9, 2026, counsel for Respondent provided proof to Debtor of the accounting of $7,000.00 to Parker, as evidenced by the remittance of the credited ledger obligations as to the Property. *See* Doc. 39-H - January 9, 2026, Email with Ledger Exhibit. Subsequent to the accounting of the $7,000.00 settlement sum, Debtor is obligated (prior to any discharge) to Respondent in the present sum total of $6,884.27, with $2,787.38 being pre-petition obligations and $4,096.89 as post-petition obligations. Id.

Debtor, in filing its underlying motions, expressly conceded the existence of a settlement agreement. See Doc. 37, ¶ 1 (the Bankruptcy Court identifying the underlying motions as both seeking to enforce the settlement agreement between the parties).

As discussed more fully below, the Bankruptcy Court not only failed to properly and fully apply applicable Georgia law in enforcing contracts in interpreting the acknowledged existence and enforceability of the settlement agreement, but the Bankruptcy Court further failed to clear the high bar imposed upon federal courts in vacating orders such as the Final Order. Additionally, because review of the Order and Scheduling Order involves (1) a conclusive and final determination of the status of the conceded existing settlement agreement between Respondent and Debtor; (2) involves an important issue distinct from the underlying merits of the Chapter 7 petition of Debtor, namely the full and final settlement of purported violations of 11 U.S.C.A. § 362; (3) the Order and Scheduling Order are effective unreviewable on appeal from a final judgment, as the underlying Chapter 7 petition remains open and outstanding and very well may remain open for some time pending additional actions by the Bankruptcy Court or Trustee on the identified potential objection to discharge pursuant to 11 U.S.C.A. § 727.

This Court resultingly should grant the instant Motion and – to the extent the Bankruptcy Court subsequently fails to stay the Order and Scheduling Order – exercise its inherent authority

to stay the Bankruptcy Court as it relates to the Order and Scheduling Order pending final determination of the Motion and its underlying arguments.

### ARGUMENT AND CITATION OF AUTHORITY

As briefly set forth herein, the legal bases to grant the Motion are succinct and clear. Moreover, the facts and circumstances surrounding this Motion are precisely the reason 28 U.S.C. § 158(a)(2) was enacted into law; without this Court exercising its authority thereunder, Respondent will otherwise be barred from appealing the collateral orders which squarely fall under the statute, as discussed below.

**I.      The Order is Properly Reviewable as a Final Order Pursuant to 28 U.S.C. § 158(a)(1).**

In denying the relief sought by Movant, and consequentially also by Respondent, in seeking to enforce and seeking relief from certain provisions of the Final Order, the Court's denial of such relief within its Order squarely constitutes action directly appealable to the District Court pursuant to 28 U.S.C. § 158(a)(1).

Notably an order "denying relief under Fed.R.Civ.P. 60(b), made applicable to bankruptcy proceedings by Fed. R. Bankr.P. 9024, is generally considered a final, appealable order." *In re Reynolds*, 455 B.R. 312, 318 (D. Mass 2011).

Debtor's motion, as adjudicated by this Court within the Order, sought (1) enforcement of the underlying settlement agreement previously adopted by this Court; (2) equitable relief to compel payment to Debtor of $7,000.00; (3) vacatur of the dismissal with prejudice entered within the Final Order; (4) awards of unspecified damages due to the alleged breach of the settlement agreement; (5) sanctions against Respondent; (6) ongoing enforcement of compliance by this Court of the settlement agreement; and (7) equitable relief from eviction, among other matters sought. *See* Doc. 35, 36. Respondent similarly joined Debtor in part, in requesting this Court

enforce the settlement agreement. *See e.g.* Doc. 39, p. 11. Unquestionably within the overlapping, and somewhat contradictory, relief sought by Debtor was ultimately some degree of relief from the Final Order, whether partial or in toto, as contemplated within Fed.R.Civ.P. 60(b), as made applicable to bankruptcy proceedings by Fed. R. Bankr.P. 9024.

However, despite Debtor seeking some degree of overlapping relief from the Final Order, this Court outright denied the relief sought by Debtor within the Order. *See* Order, p. 3 (ORDERED that the Motion to Enforce [Docs. 35, 36] is DENIED."). Instead, this Court sua sponte elected to determine that no agreement existed whatsoever despite failing to delve into any degree of analysis required under state law in evaluating the language of the settlement agreement as a contract. *See, e.g., Samdperil v. Watson*, 359 Ga. App. 129, 130-131 (2021). This sua sponte election is conspicuous in light of Debtor's admitted failure to consider – and as admitted by Debtor at the hearing, outright discarding – of the word "account" within the settlement agreement.

Resultingly, this Court's denial of the relief sought by Debtor as to partial or complete relief from the Final Order based on various asserted grounds (at a minimum, Debtor asserted relief under Fed.R.Civ.P. 60(b)(3) and (6)) within the Order authorizes a direct appeal of the Order to the District Court.

**II.       Alternatively, the Order and Scheduling Order Are Quintessential Orders Contemplated Within 28 U.S.C. § 158(a)(2) and the Collateral Order Doctrine.**

Alternatively, the Order and Scheduling Order, as entered by the Bankruptcy Court, are prime examples of orders contemplated in the enactment of 28 U.S.C.A. § 158(a)(2), as analyzed under the codified collateral order doctrine set forth in 28 U.S.C.A. § 1292(b). Resultingly, the

- 8 -

District Court alternative has jurisdiction of this appeal to consider the pure question of law surrounding the vacatur of the Final Order, as set forth within the Order and Scheduling Order.

For an interlocutory order to be appealable as a collateral order, "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Richardson–Merrell*, 472 U.S. 424, 431 (1985) (*citing Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)). *See also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (*overturned on other grounds*); *Abney v. U.S.*, 431 U.S. 651, 658 (1977).

Particularly, a ruling conclusively determines an n issue when it is "made with the expectation that [it] will be the final word on the subject." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 n.14 (1983). Here, the Order and the Scheduling Order unquestionably serve as the 'final word' on the validity and enforceability of the settlement agreement between the parties.

An important issue completely separate from the merits of the action is one which is not "enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Mercantile Nat'l Bank v. Langdeau*, 371 U.S. 555, 558 (1963). Here, as the underlying matter at issue in this case is one for Chapter 7 discharge by Debtor, the resolution and discharge are wholly separate and distinct from any purported violations of 11 U.S.C.A. § 362 by Respondent which is the subject of the Order.

Additionally, the validity or lack thereof of the settlement agreement between the parties will be effectively unreviewable upon an appeal from a final judgment. While this Court oddly failed to set forth the mutually agreed terms of the settlement agreement within its Order, the settlement agreement contemplated Debtor vacating and abandoning the underlying Property as of a date

- 9 -

certain (January 30, 2026). *See* page 4, above. Every day which Debtor remains in the Property beyond the terms of the settlement agreement would be quintessentially unreviewable upon later appeal – and as expressly contemplated under Georgia law adopted from England, real property is generally considered unique and subject to specific performance, as monetary damages are not an adequate legal remedy for enforcement of a contract as to possession or ownership of real property. *See, e.g., Hampton Island, LLC v. HAOP, LLC*, 306 Ga. App. 542, 548 (2010). The fact that Debtor occupied the Property pursuant to a lease is inconsequential – the unique rights of a real property owner to possess, control, and exclude are unique and deprivation for each day unreviewable by a court. "The term (property) comprehends not only the thing possessed, but also, in strict legal parlance, Means the rights of the owner in relation to land or a thing; the Right of a person to possess, use, enjoy and dispose of it, and the corresponding right to exclude others from the use." Duffield v. Dekalb county, 242 Ga. 432, 434 (1978) (cit. omitted).

Additionally, the entire issue outstanding by way of the Order – whether or not the settlement agreement constitutes a meeting of the minds under Georgia law and resultingly is enforceable – is additionally a matter of law as to which there is a substantial difference of opinion, equally vesting the District Court with jurisdiction under 28 U.S.C.A. § 1292(b).[1]

## **CONCLUSION**

As set forth above, the Order is directly appealable to the District Court; alternatively, to the extent the Order may be interpreted as an interlocutory order, the nature and subject matter of the Order unquestionably vests jurisdiction with the District Court to consider the Order on an

---

[1] The Bankruptcy Court electing to, sua sponte, find that there was no meeting of the minds between Movant and Respondent, despite neither party asserting the same, alone establishes a "substantial difference of opinion" as to an otherwise conclusive matter of law.

- 10 -

interlocutory basis. As initially briefed by Respondent, the settlement agreement unquestionably is binding, enforceable, and has been fully performed by Respondent.

Respectfully submitted, this 30th day of   January  , 2026.

| | |
|---|---|
| THE TOTTEN FIRM, LLC<br>5579 Chamblee-Dunwoody Rd<br>Ste B-136<br>Atlanta, GA 30338<br>(404) 692-4342 (Telephone)<br>mft@tottenfirm.com (E-mail) | __/s Matthew F. Totten_____<br>Matthew F. Totten<br>Georgia Bar No. 798589<br>Attorney for Respondent |

- 11 -

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CURTIS PARKER, | ) |
| | ) CAFN |
| Debtor. | ) 25-61216-bem |
| ------------------------------------ | ) |
| | ) CHAPTER 7 |
| CURTIS PARKER, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) CONTESTED MATTER |
| | ) |

2017-1 IH Borrower, LP
Respondent.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the **NOTICE OF APPEAL TO U.S. DISTRICT COURT, N.D. Ga.** using the CM/ECF system, which will automatically send email notification of such filing to all interested parties. Additionally, I have served the same by First Class U.S. Mail and e-mail upon the below:

Curtis Parker, *Pro se*
1149 Autumn Glen Way
Dacula, GA 30019
curtis.parker1776@gmail.com

    This 30th day of   January  , 2026..

| | |
|---|---|
| THE TOTTEN FIRM, LLC | /s Matthew F. Totten |
| 5579 Chamblee-Dunwoody Rd | Matthew F. Totten |
| Ste B-136 | Georgia Bar Number 798589 |
| Atlanta, GA 30338 | THE TOTTEN FIRM, LLC |
| (404) 692-4342 | *Attorney for 2017-1 IH Borrower LP* |
| mft@tottenfirm.com | |

- 12 -