**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: <br><br> CURTIS PARKER, <br><br> Debtor. <br><br> 2017-1 IH Borrower, LP, <br><br> Appellant, <br><br> v. <br><br> CURTIS PARKER, <br><br> Appellee. | CIVIL ACTION FILE NO. 25-61216-BEM <br><br> Chapter 7 <br><br> Contested Matter |

**<u>FILINGS IN RELATION TO THE NOTICE OF APPEAL</u>**

COMES NOW 2017-1 IH Borrower, LP ("Appellant"), filer of that certain Notice of Appeal on January 30, 2026 [Doc 47]. As directed by this Court, and pursuant Fed. R. Bankr.P. 8009, Appellant states as follows:

I. **A designation of the items to be included in the record on the appeal is as follows**:

1. Doc. 1 – September 29, 2025, Petition for Bankruptcy

2. Doc. 9 – October 23, 2025, Motion for Relief from Stay

3. [No Doc. Number] November 2, 2025 - Chapter 7 Trustee's Report of No Distribution

4. Doc. 20 – December 9, 2025, Order Granting Relief from Automatic Stay

5. Doc. 21 – December 9, 2025, Amended Motion for Sanctions and Request for Rent Waiver for Violation of the Automatic Stay

6. Doc. 22 – December 9, 2025, Amended Motion for Additional Sanctions against Invitation Homes

7. Doc. 23 – December 9, 2025, Amended Motion for Sanctions for Willful Violation of the Automatic Stay

8. Doc. 30 – December 29, 2025, Notice of Settlement, Debtor's Motions Against Respondent

9. Doc. 32 – January 6, 2026, Motion to Dismiss Based on Settlement

10. Doc. 33 – January 9, 2026, Order Granting Motion to Dismiss Action and Motion for Sanctions for Violation of the Automatic Stay.

11. Doc. 35 – Motion to Enforce Settlement Agreement, Vacate Dismissal, for Damages, and for Sanctions

12. Doc. 36 – Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Enforcement of Settlement

13. Doc. 37 – Order and Notice of Evidentiary Hearing and Order Not to Evict

14. Doc. 39 – Response to Motion re Settlement and Sanctions

15. Doc. 40 – Witness and Exhibit List of Respondent, Exhibits Marked

16. Doc. 43 – Order Denying Debtors Motion to Enforce Settlement Agreement, Denying Debtors Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Enforcement of Settlement

17. Doc. 44 - Order and Notice of Evidentiary Hearing on Debtor's Amended Motion for Sanctions and Request for Rent Waiver for Violation of the Automatic Stay

18. Doc. 47 – Notice of Appeal to District Court

19. Doc. 48 – Motion for Stay Pending Appeal and Incorporated Brief

20. [Pending Entry and Assigned Docket Number] – Order Granting Motion for Stay Pending Appeal, as orally announced in court

21. Transcript of that Certain January 20, 2026, hearing held by the Bankruptcy Court – *see item III., below*

**II.  A statement of the issues to be presented:**

1. Whether the Bankruptcy Court erred in finding that there was no "meeting of the minds" between Appellant and Appellee, due to a purported ambiguity, in consummating a final settlement agreement.

2. Whether the Bankruptcy Court erred in applying Fed.R.Civ.P.60(b), as made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 9024, in sua sponte vacating the final order dismissing Appellee's motion for sanctions against Appellant.

3. Whether the settlement agreement between Appellant and Appellee, as stipulated in briefing between the parties, contains all the essential terms for an enforceable contract under state law.

4. Whether the settlement agreement between Appellant and Appellee, as stipulated in briefing between the parties, is "ambiguous" under state law.

5. Whether the settlement agreement between Appellant and Appellee, as stipulated in briefing between the parties, is capable of only one reasonable interpretation under state law.

6. To the extent the settlement agreement between Appellant and Appellee is ambiguous, whether the following sentence contemplates either a crediting and provision of statement to Appellee or remittance of money to Appellee: "2017-

    1 IH Borrower LP shall account and remit $7,000.00 to Parker and provide evidence of the same to Parker within ten business days of acceptance."

7. Whether the question of transmission and accounting of payment, to the extent said terms are ambiguous in the settlement agreement, are (1) essential terms that are (2) missing from the settlement agreement that cannot otherwise be ascertained by applying state law contract interpretation rules.

8. Whether the Bankruptcy Court improperly weighed and considered Appellee's testimony as to Appellee's interpretation of the settlement agreement, to the extent it may be ambiguous, in contravention of state law. *See Elite Realty Services, Inc. v. City of Auburn*, 272 Ga. 195, 196 (2000).

9. Whether, to the extent there are any defects in the terms of the settlement agreement, that performance has adequately cured and evidenced a meeting of the minds as to the contract under state law.

10. Whether Appellee ratified the settlement agreement under state law.

11. Whether Appellant is entitled to enforcement of performance of the settlement agreement in light of Appellee's admitted failure to vacate the subject real property pursuant to the settlement agreement.

12. Whether Appellant is entitled to recover its attorneys' fees, pursuant to the terms of the settlement agreement, from Appellee in enforcing the settlement agreement.

13. Whether the bankruptcy proceeding should be referred to the U.S. Trustee's Office for examination of grounds for denial of discharge of Appelleeshort-termto 11 U.S.C. § 727, based on Appellee's admitted failure to disclose (1) the

leased residential premises; (2) the short term rental business operated from the leased residential premises; (3) the duration of the short term rental business operations of at least nine months at the leased residential premises, which includes pre and post-petition operations; (4) income from the short term rental business; (5) Debtor's ongoing operations of the short term rental business at the leased residential property through at least December 30, 2025; and (6) Appellee's failure to amend the bankruptcy petition to disclose the short term rental business upon being alerted of the failure of disclosure.

III. **A written request for the transcript**:

1. Please see attached written request for transcript, sent on February 10, 2026, to a Bankruptcy Court designated transcriptionist, YourTranscriptionist.com, via email, as Composite **Exhibit A**

2. Please see attached written confirmation of receipt of transcript request from Bankruptcy Court designated transcriptionist, YourTranscriptionist.com, via email on February 10, 2026, attached hereto as **Exhibit B**.

Respectfully submitted, this 12th day of  February , 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd
Ste B-136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com (E-mail)

  /s Matthew F. Totten
Matthew F. Totten
Georgia Bar No. 798589
Attorney for 2017-1 IH Borrower, LP

- 5 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br><br> CURTIS PARKER, <br><br> Debtor. <br><br> 2017-1 IH Borrower, LP, <br><br> Appellant, <br><br> v. <br><br> CURTIS PARKER, <br><br> Appellee. | CIVIL ACTION FILE NO. 25-61216-BEM <br><br> Chapter 7 <br><br> Contested Matter |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the **FILINGS IN RELATION TO THE NOTICE OF APPEAL** using the CM/ECF system, which will automatically send email notification of such filing to all interested parties. Additionally, I have served the same by First Class U.S. Mail upon the below:

Curtis Parker, *Pro se*
1149 Autumn Glen Way
Dacula, GA 30019

This 12th day of  February , 2026.

| | |
|---|---|
| THE TOTTEN FIRM, LLC <br> 5579 Chamblee-Dunwoody Rd <br> Ste B-136 <br> Atlanta, GA 30338 <br> (404) 692-4342 (Telephone) <br> mft@tottenfirm.com (E-mail) | /s Matthew F. Totten <br> Matthew F. Totten <br> Georgia Bar Number 798589 <br> Attorney for 2017-1 IH Borrower, LP |

- 6 -