FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA
2026 OCT 21 A 8:09
VANIA S. ALLEN
CLERK
BY: K Taylor
DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

Re: CURTIS PARKER, Debtor. Chapter 7, Case No. 25-61216-BEM

**DEBTOR'S EMERGENCY MOTION FOR EXPEDITED HEARING AND LIMITED PRESERVATION AND INFORMATION RELIEF CONCERNING REPOSSESSED VEHICLE**

Debtor Curtis Parker, proceeding pro se, requests expedited consideration of limited preservation and information relief regarding Toyota Financial Services ("Toyota") and a 2021 Lexus RX. Debtor seeks a prompt opportunity to determine the vehicle's location, sale status, and the basis Toyota claims for repossession, while preserving potentially material evidence. Debtor does not request an ex parte injunction through this motion and reserves any application for injunctive relief for the procedure required by the Federal Rules of Bankruptcy Procedure.

**I. FACTS**

1. Debtor filed this Chapter 7 case on September 29, 2025. His original Statement of Intention identified an intention to retain and reaffirm the obligation secured by the 2021 Lexus RX.

2. Debtor reports that the meeting of creditors occurred on November 2, 2025, and Mr. Parkers counsel withdrew effective **November 12, 2025**, as reflected in PACER. The Court should rely on the actual notice setting the first meeting and the withdrawal entry or order to determine legally operative dates; docket entry dates may differ from event dates.

3. Debtor states that he did not receive a proposed reaffirmation agreement from Toyota for review or execution after November 12,2025. Debtor allege that Toyota had a duty to initiate reaffirmation negotiations with Mr. Parker. He requests all relevant communications and records to prove and determine what communications, if anything, were sent to Mr. Parker after his attorney withdrew.

4. Debtor acknowledges that the vehicle loan was in arrears, but he has made lump sum payments and near full payments and at a minimum partial payment every Month. He seeks an accurate payment ledger and any records of Toyota's treatment of those payments.

5. On or about October 15, 2026, Toyota repossessed the Lexus without as much as any notice or phone call, reason being they were barred because the bankruptcy was not yet discharged. With a minimum of a partial payments every month due to unstable work.

6. After repossession, Toyota representatives told Debtor that a stay request was made in December 2025 and that relief was granted June 2026. **Debtor has not identified an order granting Toyota stay relief and asks Toyota to identify the specific docket entry, statute, and operative event on which it relied.**

7. Debtor reports that this Chapter 7 case remains pending without discharge. As of October, 2026, he has received no written notice or call stating the vehicle was in jeopardy or what was required to cure the loan.

8. Toyota told Debtor by telephone that payment of more than $30,000 was the only way to recover the Lexus. Debtor reports that no written itemization was provided during that call.

9. Following counsel's withdrawal on **November 12, 2025**, Debtor proceeded pro se. Debtor received no warning that Toyota intended to repossess the vehicle while Toyota continued to accept partial payments month after month. Debtor requests that Toyota identify and produce

every communication directed to him after November 12, 2025, including the date, address or number used, delivery method, and proof of dispatch or delivery. The records are requested to resolve whether any required notice or demand was provided and to determine if the repossession was lawful.

10. Debtor proposes, as conditional equitable or negotiated relief **if the Court finds that Toyota's established "acceptance of partial payments required notice before repossession" and that adequate notice was not provided,** a modification or agreement deferring exactly two overdue monthly installments to the end of the existing loan term, extending the maturity date as necessary.

Debtor requests permission to resume the regular scheduled monthly installments, without being required to tender two extra payments immediately; waiver of collection, repossession, towing, and storage charges attributable to the disputed taking; and return of the vehicle under the resulting arrangement. Debtor requests an itemized ledger and written disclosure of the treatment of deferred principal, interest, and any changes in total cost. This relief is requested only to the extent authorized by law or agreed by the parties;

## II. GROUNDS FOR EXPEDITED CONSIDERATION

9. The risk of disposition or material alteration of the vehicle before inspection warrants prompt inquiry into its status. A preserved original video, towing records, and vehicle-condition evidence may be relevant to disputed conduct and damages.

10. Georgia law generally requires notification before disposition of consumer-goods collateral, subject to statutory exceptions. O.C.G.A. §§ 11-9-611 and 11-9-614.

11.. This motion requests expedited hearing and procedural direction

12. Under O.C.G.A. § 13-4-4, where parties mutually depart from strict contractual terms, reasonable notice of an intention to insist on strict compliance is required. In Pierce v. Leasing International, Inc., 142 Ga. App. 371, 372–73, 235 S.E.2d 752 (1977), the Court of Appeals held that a creditor's pattern of accepting late payments create a factual question whether notice or demand is required before self-help repossession.

Carter v. General Finance & Thrift Corp., 96 Ga. App. 423, 100 S.E.2d 99 (1957), cautions that accepting continual late or partial payments establish a mutual departure; the parties' conduct and creditor communications matter. Debtor therefore seeks the full payment history, records of collection communications, and a fact-specific determination rather than a presumption that every partial payment waived default.

**III. REQUEST FOR RELIEF**

A. Set an expedited hearing or status conference on the vehicle's disposition status and preservation of evidence, with appropriate notice to Toyota, the Chapter 7 trustee, and the United States Trustee;

B. Require, if authorized following appropriate process, identification of the vehicle's current location, custodian, proposed sale date (if any), and any disposition notices already issued;

C. Encourage Toyota to provide a prompt written voluntary commitment to preserve the Lexus, its condition, and associated records pending an opportunity for inspection; reserve any compulsory no-sale order for a procedurally proper injunction request;

D. Authorize or direct limited expedited discovery if legally available, including the retail installment agreement, payment ledger, account communications, any reaffirmation documents and transmission records, notices, the claimed basis for termination of stay, and the written redemption accounting;

E. Upon appropriate process, require Toyota to identify and produce all communications it contends were sent to Debtor in his pro se capacity from November 12, 2025, forward, with copies, mailing addresses, email addresses, telephone numbers, account notes, dates, and transmission or delivery records; also identify any communications directed to former counsel after withdrawal;

F If the Court finds that Toyota's established course of accepting partial payments required prior notice or demand and that adequate notice or demand was not provided, and if authorized by law or agreed by the parties, direct or facilitate a written reinstatement arrangement moving two overdue monthly installments to the end of the loan, extending the maturity date accordingly, allowing Debtor to resume regular monthly payments without immediate payment of those two installments, specifying any interest consequences, waiving collection, repossession, towing, and storage charges arising from the disputed taking, and returning the vehicle under that arrangement; alternatively, direct the parties to confer promptly on such an arrangement and report the outcome to the Court;

H. Direct or facilitate prompt transport of the Lexus to an authorized Lexus dealership for an independent written evaluation of possible damage from the reported dragging, including drivetrain, transmission, tires, suspension, steering, and underbody, with inspection costs initially advanced by Toyota if legally warranted, or allocated after hearing; preserve the original condition and records pending inspection;

I. Grant other just and appropriate relief within the Court's jurisdiction.

## IV. REQUEST FOR PROCEDURAL DIRECTION

Debtor requests guidance on whether the limited relief can be addressed in this contested matter or requires an adversary proceeding

Respectfully submitted: October 21, 2026

Curtis Parker, Debtor, pro se
2805 Wadley Lane
Dacula, GA 30019
(770) 369-6521
Email: Curtis.Parker1776@gmail.com

## DECLARATION OF CURTIS PARKER

I, Curtis Parker, declare under penalty of perjury under the laws of the United States of America that the following is true and correct based on my personal knowledge:

1. I am the debtor in Chapter 7 Case No. 25-61216-BEM.

2. My original Statement of Intention identified an intention to retain and reaffirm the Lexus.

3. My attorney withdrew from the case in November 2025; I understand the withdrawal is reflected on the docket.

4. I never received a proposed reaffirmation agreement from Toyota for my review or execution on or after November 2025. Our position and the facts will prove as Pro Se Mr. Parker was never contacted or communicated with prior to the taking of the vehicle.

5. Toyota repossessed the 2021 Lexus RX on or about October 15, 2026.

6. A Toyota representative told Mr. Parker by telephone on 10/15/2026 that he would have to pay more than $30,000 to recover the Lexus; Mr. Parker was not given a written itemization during that conversation.

7. Following my attorney's withdrawal, I did not receive a warning from Toyota that the Lexus would be repossessed, Toyota accepted partial payments over multiple months.

Executed on October 21, 2026:

_______________________________

Curtis Parker

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing **Debtor's Emergency Motion For Expedited Hearing And Limited Preservation And Information Relief Concerning Repossessed Vehicle** by way of United States Postal Service Certified Mail to the following party of record:

**Bankruptcy Trustee:**

Kyle A. Cooper
Kyle A. Cooper Trustee
120 Travertine Trl
Alpharetta, GA 30022
678-920-0793
kylecoopertrustee@gmail.com

And

Toyota Financial Services
Attn: Bankruptcy
Po Box 22171
Tempe, AZ 85285

October 21, 2026

Curtis Parker
Pro Se Plaintiff
1149 Autumn Glen Way
Dacula, GA 30019